```
 1  HENRY WEISSMANN (SBN 132418)
    Henry.Weissmann@mto.com
 2  MARC BECKER (SBN 138872)
    Marc.Becker@mto.com
 3  BRADLEY R. SCHNEIDER (SBN 235296)
    Bradley.Schneider@mto.com
 4  MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue
 5  Thirty-Fifth Floor
    Los Angeles, CA  90071-1560
 6  Telephone:   (213) 683-9100
    Facsimile:   (213) 687-3702
 7

 8  MACKENZIE & ALBRITTON LLP
    JAMES A. HEARD (SBN 114940)
 9  jheard@mallp.com
    One Post Street, Suite 500
10  San Francisco, California  94104
11  Telephone: (415) 288-4000
    Facsimile: (415) 288 4010
12
    Attorneys for Plaintiff
13  GTE MOBILNET OF CALIFORNIA LIMITED
    PARTNERSHIP, A CALIFORNIA LIMITED
14  PARTNERSHIP D/B/A VERIZON WIRELESS
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GTE MOBILNET OF CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership d/b/a VERIZON WIRELESS,<br><br>              Plaintiff,<br><br>      vs.<br><br>CITY OF BERKELEY,<br><br>              Defendant. | CASE NO.  C 07-04034 SBA<br><br>**DECLARATION OF PAUL B. ALBRITTON IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT II OF THE COMPLAINT**<br><br>DATE: December 18, 2007<br>TIME: 1:00 p.m. |

I, Paul B. Albritton, do hereby declare and say:

1. I am an active member of the State Bar of California and am admitted to practice before the United States District Court for the Northern District of California. I am a partner at Mackenzie & Albritton LLP. My firm represents GTE Mobilnet of California Limited Partnership d/b/a Verizon Wireless in connection with its application for a conditional use permit ("CUP") from the City of Berkeley ("City") to construct a wireless communications facility at 2721 Shattuck Avenue, Berkeley (the "Bekins facility"). I have represented Verizon Wireless at hearings concerning that application (the "Bekins application") before the City's Zoning Adjustment Board ("ZAB") and the Berkeley City Council. I am making this declaration in support of Verizon Wireless's motion for partial summary judgment on its second claim for relief. I have personal knowledge of the matters set forth in this declaration. If called to testify, I could and would testify competently to the facts set forth herein.

2. Attached hereto as Exhibit A is a true and correct copy of Verizon Wireless's March 8, 2005, application for a conditional use permit to place five flush-mounted antennas on the commercial storage building located at 2721 Shattuck Avenue.

3. Attached hereto as Exhibit B is a true and correct copy of the July 21, 2005, Berkeley Design Review Committee ("DRC") Agenda and Summary of Action.

4. Attached hereto as Exhibit C is a true and correct copy of the Staff Report for the May 25, 2006, ZAB hearing on the Bekins application.

5. Attached hereto as Exhibit D is a true and correct copy of the Agenda and Action Minutes for the May 25, 2006, ZAB hearing.

6. Attached hereto as Exhibit E is a true and correct copy of Ellen McGovern's June 19, 2006, letter appeal from the ZAB's May 25, 2006 decision approving the Bekins application.

7. Attached hereto as Exhibit F is a true and correct copy of the letter I sent on behalf of Verizon Wireless to the City Council on September 18, 2006, responding to Ms. McGovern's appeal of the ZAB's May 25, 2006, decision.

8. Attached hereto as Exhibit G is a true and correct copy of the Staff Report on the Bekins application for the September 26, 2006, meeting of the Berkeley City Council.

9. Attached hereto as Exhibit H is a true and correct copy of the Summary of the September 26, 2006, meeting of the Berkeley City Council.

10. Attached hereto as Exhibit I is a true and correct copy of the Berkeley City Council's Resolution No. 63,439.

11. Attached hereto as Exhibit J is a true and correct copy of the January 18, 2007, report by RCC Consultants, Inc., on the Bekins facility.

12. Attached hereto as Exhibit K is a true and correct copy of the Staff Report, including its Findings and Conditions, for the January 25, 2007, ZAB hearing on the Bekins application.

13. Attached hereto as Exhibit L is a true and correct copy of the January 25, 2007, Notice of Decision by the ZAB on the Bekins application.

14. Attached hereto as Exhibit M is a true and correct copy of the letter I sent on behalf of Verizon Wireless to Mayor Tom Bates and the other members of the Berkeley City Council on February 20, 2007, appealing the ZAB's January 25, 2007, decision on the Bekins application.

15. Attached hereto as Exhibit N is a true and correct copy of a letter dated April 30, 2007 that I sent to the City Council regarding Verizon Wireless's appeal of the ZAB's January 25, 2007, decision on the Bekins application. The letter included the following exhibits: (a) a declaration from Dewayne Bonham, the Radio Frequency Performance Manager for Verizon

Wireless in Northern California; (b) an April 30, 2007, Alternative Analysis prepared for the Bekins facility by Cal Com Systems Inc.; (c) a letter I sent on behalf of Verizon Wireless to the ZAB on January 2, 2007, regarding the appeal of its May 25, 2006, approval of the Bekins application..

16. Attached hereto as Exhibit O is a true and correct copy of the Staff Report on the Bekins application for the May 8, 2007, meeting of the Berkeley City Council.

17. Attached hereto as Exhibit P is a true and correct copy of the Summary Minutes for the May 8, 2007, meeting of the Berkeley City Council.

18. On May 22, 2007, the Berkeley City Council held a public meeting to consider Verizon Wireless's appeal of the ZAB's January 25, 2007, denial of the Bekins application. I attended that meeting on behalf of Verizon Wireless. Attached hereto as Exhibit Q is a DVD copy of the contemporaneous television broadcast of the May 22, 2007, City Council meeting, which fairly and accurately represents what occurred at the hearing. Exhibit Q also includes a true and correct copy of the closed captioner's transcript for the televised broadcast of the May 22, 2007, meeting.

19. As reflected in Exhibit Q, at the May 22, 2007, hearing, Mayor Bates stated that he would "defer to the City attorney" on what date the Council should set for a public hearing on the appeal. The City Attorney, Manuela Albuquerque, stated that Verizon Wireless's position was that continuing the hearing past the Council recess into September would constitute unreasonable delay in violation of federal law. Ms. Albuquerque also referred to a "confidential memo" that her office had provided the Council regarding these legal issues. Ms. Albuquerque recommended that the Council schedule a public hearing no later than July 2007.

20. I was given the opportunity to address the Council at the May 22, 2007, meeting. I requested that the Council schedule a public hearing on Verizon Wireless's appeal no later than July 10, 2007, the date proposed by staff in the Staff Report on the Bekins Application

for the May 8, 2007 meeting of the Berkeley City Council. I stated that there were four dates available for such a hearing between May 22 and July 10. I also stated that it appeared from the Council's meeting on May 22 that six members of the Council were opposed to the Bekins application. I said that the Council should act on its "own convictions" if it was not willing to schedule a public hearing by July to consider the findings of its third party engineer. In addition, I stated that Verizon Wireless would consider any further delays on its application to be a violation of federal law.

21. Shortly after I made these comments, Mayor Bates proposed continuing the meeting to June 12. The City Attorney then stated that the Council could not continue the meeting to June 12 because, under the municipal code, it was required to either schedule a public hearing or remand the appeal within thirty days of May 7. Mayor Bates stated, "If you won't allow us to go to September we'll remand." The City Attorney replied, "I would not recommend that, for the same reason that it is an unreasonable delay." In response, Mayor Bates said: "I know. I'd like to hear from the representative of Verizon. If we can't set it to September, I'll move that we remand. You can sue us one way or the other."

22. Shortly after this exchange, Mayor Bates asked me whether I would prefer that the Council remand to the ZAB or schedule a public hearing for September. I declined to select either alternative and reiterated Verizon Wireless's request for the Council to schedule a public hearing no later than July 10, 2007. Mayor Bates then stated: "We have three choices. Hear it, we can remand it or approve it, right?" The City Attorney said, "Yes, in general, you have those three choices. But I remind you of the confidential memo that I sent you and I urge you not to remand it or set it past July." The City Council later voted to remand the Bekins application to the ZAB.

23. Attached hereto as Exhibit R is a true and correct copy of the Summary Minutes for the May 22, 2007, meeting of the Berkeley City Council.

24. Attached hereto as Exhibit S is a true and correct copy of the Agenda for the June 28, 2007, hearing of the ZAB.

25. Attached hereto as Exhibit T is a true and correct copy of the Staff Report on the Bekins application that was prepared for June 28, 2007, ZAB hearing.

26. On June 28, 2007, the ZAB held a meeting to consider the City Council's May 22, 2007, remand of the Bekins application. I attended that meeting on behalf of Verizon Wireless. Attached hereto as Exhibit U is a DVD copy of the contemporaneous television broadcast of the June 28, 2007, ZAB hearing, which fairly and accurately represents what transpired at the hearing. Also included with Exhibit U is a true and correct copy of the closed captioner's transcript for the televised broadcast of the June 28, 2007, ZAB hearing.

27. As reflected in Exhibit U, before a vote was taken at the June 28, 2007, hearing, a member of the ZAB stated that a confidential memorandum from the City Attorney's office had advised the ZAB that denying the Bekins application would violate state and federal law. The ZAB voted to deny the Bekins application.

28. Attached hereto as Exhibit V is a true and correct copy of the June 28, 2007, ZAB Notice of Decision on the Bekins application.

29. Attached hereto as Exhibit W is a true and correct copy of the July 13, 2007, letter I sent the City Council on behalf of Verizon Wireless appealing the June 28, 2007, ZAB decision on the Bekins application.

30. Attached hereto as Exhibit X is a true and correct copy of the Staff Report on the Bekins application that was prepared for the July 16, 2007, meeting of the City Council.

31. Attached hereto as Exhibit Y is a true and correct copy of the Summary Minutes for the July 16, 2007, meeting of the City Council.

32. On July 16, 2007, the City Council held a public meeting to address the ZAB's June 28, 2007, decision on the Bekins application. I attended that meeting on behalf of Verizon Wireless. At the meeting, the Council considered when to schedule a public hearing on the ZAB's decision. The Staff report for this meeting suggested that the Council schedule a public hearing for October 23, 2007. I argued that delaying a public hearing until that date was unreasonable. I noted that Verizon Wireless had previously objected to scheduling any date later than July 10, 2007. One council member agreed, stating that the Council should postpone setting a hearing date until City staff could identify a date earlier than October 23 to hold the public hearing. The City Council, however, voted to schedule the public hearing for October 23, 2007.

33. Attached hereto as Exhibit Z is a DVD copy of the contemporaneous television broadcast of the meeting, which fairly and accurately represents what transpired at the meeting.

34. Attached hereto as Exhibit AA is a true and correct copy of § 23B.32 of the Berkeley Municipal Code.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on October 1, 2007 at San Francisco, California.

DATED: October 1, 2007

By: _____
PAUL B. ALBRITTON