# EXHIBIT F

**MACKENZIE & ALBRITTON LLP**
ONE POST STREET, SUITE 500
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE 415 / 288-4000
FACSIMILE 415 / 288-4010
SENDER'S EMAIL: PALBRITTON@MALLP.COM

September 18, 2006

VIA EMAIL & FACSIMILE (510-981-6901)

Hon. Tom Bates, Mayor
and Members of the City Council
City of Berkeley
2180 Milvia Street
Berkeley, CA 94704

    Re:    <u>Verizon Wireless Facility:  2721 Shattuck Avenue; Use Permit No. 05-10000033; Hearing date September 26, 2006</u>

Dear Mayor Bates and Council Members:

    We are counsel to Verizon Wireless ("VZW"), with our principal area of practice in telecommunications law, particularly real estate, access, and land use issues. We are writing in connection with Ms. McGovern's appeal, purportedly on behalf of the Ward Street neighbors, of the Conditional Use Permit ("CUP") approval granted to Verizon Wireless to place five flush-mounted antennas on the commercial storage building at 2721 Shattuck Avenue. I am copying Deputy City Attorney Zach Cowan, with whom we have dealt previously on Telecommunications matters.

    The crux of the appeal is Ms. McGovern's request for third-party review of the evidence VZW submitted in support of the application, particularly the evidence documenting the need for this facility. We have reviewed the applicable Code sections and the findings of the Zoning Adjustments Board ("ZAB"). We do not believe the very high cost, estimated at approximately $7,000, of a third party engineering review is supported under either the evidence presented, or under the Code sections cited.

    The first problem is that Ms. McGovern's request for third-party review is untimely. The municipal code provision she invokes, Section 23C.17.040.M (though she does not cite it by number) is part of a section labeled "Minimum Application Requirements." Subsection M provides that the applicant must agree to pay for third party review "at the discretion of the Zoning Officer." Here, the Zoning Officer did not determine that third-party review was necessary, and consequently did not request it. Since the CUP has already been granted, it is obviously too late for any such request. The Zoning Officer has no jurisdiction at this point, as the matter is under review by the Council.

    More fundamentally, there is simply no substantial evidence to justify costly post-approval review of the application. The ZAB determined on May 25, 2006, in part that the project "is necessary for the provision of personal wireless services to Berkeley residents and busi-

Mayor Bates and Council Members
September 18, 2006
Page 2 of 3

nesses..." and that the project will "not be readily visible." Verizon Wireless submitted coverage maps and reports supporting the need for the improved coverage in the area surrounding the proposed site, for both business and home-coverage purposes. The site will also provide emergency 911 "pin-pointing" coverage for police and fire emergency purposes. It is no coincidence that Sprint/Nextel, based upon their own independent RF analysis, also seeks to locate facilities at this address to remedy their service deficiencies in the area.

No contrary evidence was submitted. The bases for opposition at the ZAB hearing were (1) concern over the alleged impact of radio waves upon nearby residential areas; and (2) compliance with existing commercial criteria for the site.

Having considered all the evidence, in its formal findings, the ZAB accurately determined that the project "will comply with all applicable state and Federal standards and requirements." (In fact, maximum cumulative levels of emissions for simultaneous operation of both carriers at this site is still less than 3% of the applicable FCC safety standards - both on the ground and on the roof of the nearest adjacent building.) The ZAB further found the project "will not be detrimental to the health, safety, peace, morals, comfort, or general welfare of persons residing or working in the area or neighborhood" nor would it be "detrimental or injurious to property or improvements of the adjacent properties, the surrounding area or neighborhood, or to the general welfare of the City." The ZAB also confirmed compliance with all applicable zoning restrictions.

Without having submitted any counter evidence at the hearing, Ms. McGovern also fails to submit any with her appeal letter. Instead she relies on her statement that the site was supported by corporate representatives of Verizon Wireless. This is not sufficient to cast any doubt upon the ZAB's findings under federal, state or local requirements.

The sections of the Code relating to any appeal to the Council clearly contemplate review of the existing record. Please see sections 23.B.32.060.B (1)-(3), all of which refer to Council review of "facts ascertainable from the record." Under the circumstances of this appeal, there is no factual or evidentiary basis supporting an "after the fact" imposition of a very expensive and time consuming new study to be paid for by the applicant (which has already paid for in-depth studies and reports).

In this connection, please note also that the application was deemed complete within the meaning of the Permit Streamlining Act (please see California Government Code sections 65920 et seq.) without any requirement of a new, third party review. In fact the record is replete with substantial evidence supporting approval.

There is also no basis for the appellant's claim that the facility will reduce property values. The noise study prepared at staff's request confirmed that there will be no significant noise impact, and the ZAB properly found that there will be no significant visual impact. Therefore, the only conceivable basis for the claim of reduced property values is the appellant's unfounded fear of radio waves. As noted above, the facility will operate well within the FCC's safety standards, which means that any local regulation on this basis is preempted by the federal Telecommunications Act of 1996.[1] That is true whether the local regulation is explicitly based on RF concerns (which is, of course, unlikely), or through some proxy such as "property values." A

---

[1] See 47 U.S.C. § 332(c)(7)(B)(iv).

BEK000860

Mayor Bates and Council Members
September 18, 2006
Page 3 of 3

federal district court in California has held that in light of the federal preemption of RF regulation, "concern over the decrease in property values may not be considered as substantial evidence if the fear of property value depreciation is based on concern over the health effects caused by RF emissions." *AT&T Wireless Services of California LLC v. City of Carlsbad*, 308 F.Supp.2d 1148, 1159 (S.D. Cal. 2003).

We respectfully ask that you reject the appeal and uphold the ZAB's well-supported and well-reasoned decision approving this facility, and reject Ms. McGovern's untimely and unjustified attempt to require third-party review.

* * *

Thank you for considering the concerns of our client. Please let us know if you have any questions.

Very truly yours,

Paul B. Albritton

cc (via email only):

Zachary Cowan, Esq. (Deputy City Attorney)
Ed McGah, Esq.
Peter Maushardt
James Singleton