# EXHIBIT G



Office of the City Manager

ACTION CALENDAR
September 26, 2006

To: Honorable Mayor and
    Members of the City Council

From: Phil Kamlarz, City Manager

Submitted by: Daniel Marks, Director, Planning and Development

Subject: Appeal: 2721 Shattuck Avenue (Verizon)

## RECOMMENDATION
Adopt a Resolution affirming the decision of the Zoning Adjustments Board (ZAB) to approve Use Permit #05-10000033 for a new wireless telecommunications facility (including five antennas and related equipment) for Verizon Wireless at 2721 Shattuck Avenue and dismissing the appeal.

## FISCAL IMPACTS OF RECOMMENDATION
None.

## CURRENT SITUATION AND ITS EFFECTS
On 8 March 2005, Verizon Wireless ("applicant") submitted a Use Permit application to construct a new wireless telecommunications facility (including five antennas and related equipment) at 2721 Shattuck Avenue.

On 25 May 2006, the Zoning Adjustments Board approved (8-0-1-0; Abstain: Shumer) the application for a Use Permit subject to conditions and based on the required Zoning Ordinance findings (see attached Administrative Record). On 19 June 2006, a neighbor located at 2121 Ward Street, Berkeley ("appellant"), appealed the ZAB's decision on behalf of the "Ward Street Neighbors".

## BACKGROUND

### Site and surrounding area conditions
The project site is located on the north-eastern corner of Shattuck Avenue and Ward Street. This intersection is at the southern end of the Shattuck Avenue commercial corridor. A four-story building on the site is used for a moving and mini-storage warehouse. Lots to the east of the site are used for residential purposes.

- 111 -

Appeal: 2721 Shattuck Avenue (Verizon)                ACTION CALENDAR
                                                      September 26, 2006

**Figure 1: Vicinity Map**



Appeal: 2721 Shattuck Avenue (Verizon)                    ACTION CALENDAR
                                                          September 26, 2006

Figure 2: Site Plan



- 113 -

Appeal: 2721 Shattuck Avenue (Verizon)  ACTION CALENDAR
September 26, 2006

Project description

The proposal involves the following main elements:

1. Five **antennas** at three locations on the northern and eastern facades of the building. Antennas will be mounted flush to the top of the wall, without protruding above the existing height of 58 feet;

2. Two **GPS antenna** on the parapet of the eastern side of the building, adjacent to the cable tray;

3. **Equipment** at ground level in a 15.25 foot by 25.75 foot enclosed lease area;

4. **Air-conditioning** equipment on the roof of the building behind an existing parapet wall; and

5. A **plug** for an emergency backup generator on the northern side of the building.

Another carrier (Nextel Communications) is proposing to establish a new wireless telecommunications facility at the same site (UP#04-10000068 relates).

ZAB Decision
On 25 May 2006, the Zoning Adjustments Board held a public hearing. The Zoning Adjustments Board heard testimony from the carriers' representatives and from three objectors to the project, including the appellant (see Attachment 3 for unedited transcript). The Zoning Adjustments Board closed the hearing and approved (8-0-1-0; Abstain: Shumer) the application for a Use Permit subject to conditions and based on the following findings *required under the* Zoning Ordinance:

1. The project is categorically exempt from the provisions of the California Environmental Quality Act (CEQA, Public Resources Code §21000, et seq.) pursuant to Section 15301 of the CEQA Guidelines ("Existing Facilities").

2. Pursuant to Berkeley Municipal Code Section 23B.32.040, the Zoning Adjustments Board finds that the proposed project "...*under the circumstances of the particular case existing at the time at which the application is granted, will not be detrimental to the health, safety, peace, morals, comfort, or general welfare of persons residing or working in the area or neighborhood of such proposed use or be detrimental or injurious to property and improvements of the adjacent properties, the surrounding area or neighborhood, or to the general welfare of the City*", for the following reasons:

   A. A report submitted by the applicant and prepared by a registered engineer indicates that the wireless telecommunications facility ("wireless facility") will comply with the Federal Communications Commission (FCC) standards for limiting human exposure

Appeal: 2721 Shattuck Avenue (Verizon)　　　　　　　　　　ACTION CALENDAR
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　September 26, 2006

　　　　to radio frequency energy. The measures recommended in the report are incorporated
　　　　in conditions of approval for the project;

　　B.　The design of the wireless facility incorporates a number of features to ensure that the
　　　　facility will not be readily visible. The Design Review Committee reviewed the
　　　　project and granted preliminary approved subject to conditions that have subsequently
　　　　been incorporated in the conditions of approval for this permit; and

　　C.　A noise study prepared for the project demonstrated that the proposed equipment will
　　　　not generate noise levels exceeding the limits established by Berkeley Municipal
　　　　Code Chapter 13.40, Community Noise.

3. Pursuant to Berkeley Municipal Code Section 23C.17.100.A.1, the Zoning Adjustments
   Board finds that the proposed project "...*is consistent with the general requirements of
   this chapter and any specific requirements applicable to the proposed facility...*", for the
   following reasons:

　　A.　The project is consistent with relevant provisions of the General Plan, particularly
　　　　Policy LU-7 Neighborhood Quality of Life, Action A and Policy UD-24 Area
　　　　Character;

　　B.　There are no provisions of the South Shattuck Strategic Plan that are relevant to this
　　　　project;

　　C.　A report submitted by the applicant and prepared by a registered engineer indicates
　　　　that the wireless facility will comply with the FCC standards for limiting human
　　　　exposure to radio frequency energy. The measures recommended in the report are
　　　　incorporated in conditions of approval for the project; and

　　D.　There are no discretionary permits affecting the property that are relevant to the
　　　　project.

4. Pursuant to Berkeley Municipal Code Section 23C.17.100.B.1, the Zoning Adjustments
   Board finds that the proposed project "*will comply with all applicable state and Federal
   standards and requirements*", for the following reasons:

　　A.　A report submitted by the applicant and prepared by a registered engineer indicates
　　　　that the wireless facility will comply with the Federal Communications Commission
　　　　(FCC) standards for limiting human exposure to radio frequency energy. The
　　　　measures recommended in the report are incorporated in conditions of approval for
　　　　the project.

5. Pursuant to Berkeley Municipal Code Section 23C.17.100.B.2, the Zoning Adjustments
   Board finds that the proposed project will "...*not be readily visible*", for the following
   reasons:

Appeal: 2721 Shattuck Avenue (Verizon)　　　　　　　　　　ACTION CALENDAR
　　　　　　　　　　　　　　　　　　　　　　　　　　　　September 26, 2006

    A. The Design Review Committee reviewed the project and granted preliminary approved subject to conditions that have subsequently been incorporated in the conditions of approval for this permit;

    B. Cabling will be routed internally where possible. Exposed coaxial cable would be white or match the building color;

    C. Cable-trays will run vertically up the east elevation of the building and through the parapet. They will be painted to match the building, and will be grouped with the installation proposed by Nextel Communications;

    D. Antennas will be positioned on the northern and eastern walls of the building, which are less visible and not as architecturally significant. Flush-mounted antennas will be used, which are not as visible as bulky housing on an exterior wall that has no fenestration or other articulation;

    E. Air-conditioning equipment will be on the roof of the building behind an existing parapet wall; and

    F. Other equipment would be located within the existing building in a ground level lease area.

6. Pursuant to Berkeley Municipal Code Section 23C.17.100.D, the Zoning Adjustments Board finds that the proposed project *"... is necessary for the provision of personal wireless services to Berkeley residents and businesses, or their owners, customers, guests, or invitees, or other persons traveling in or about the City"* and that without the facility *"... the operator will be unable to provide personal wireless services to its customers in the proposed coverage area"*, for the following reasons:

    A. The applicant has indicated that the carrier has unacceptable coverage in this area. A map modeling existing coverage shows a lack of coverage in the area.

7. Pursuant to Berkeley Municipal Code Section 23C.17.100.F, the Zoning Adjustments Board finds that *"... co-location is not feasible, would have more significant adverse effects on views or other environmental considerations, is not permitted by the property owner, would impair the quality of service to the existing facility, or would require existing facilities at the same location to go off-line for a significant period of time"*, for the following reasons:

    A. Co-location with existing facilities is not feasible since there are no existing wireless facilities in the vicinity that would satisfy the carrier's coverage and capacity needs;

    B. Other locations (without existing facilities) in the vicinity of the site were not suitable, including the fire station on Shattuck Avenue; and

Appeal: 2721 Shattuck Avenue (Verizon)                          ACTION CALENDAR
                                                                September 26, 2006

      C. Another carrier (Nextel Communications) is proposing to establish a new wireless telecommunications facility on the same site (UP#05-10000033 relates), which would establish a co-location site.

## RATIONALE FOR RECOMMENDATION

The appeal (see Attachment 2) of the ZAB decision relied on five issues, which are included below and followed by a Staff response.

*Issue 1:*

"The ZAB made its decision based on the "need" as provided by corporate representatives of Verizon and Nextel. There was no corroborative independent evidence of this "need" presented to the ZAB or the public. However, The Berkeley Telecommunications Ordinance provides that the City can retain independent engineers to confirm that the site is necessary for the purpose in the applicant's narrative.

The same evening LeConte Neighbors request for dismissal was denied by the ZAB, a project of only 2 antennas was overturned in the Gilman Street neighborhood after independent engineers were hired. The LeConte/So. Berkeley neighbors deserve equal treatment under the Law.

Section 23C.17.050 (Locational Requirement the Berkeley Telecommunications Ordinance) states that no wireless telecommunications facility shall be located in any zoning destination, unless the ZAB or Zoning Officer makes the finding of necessity required.

There has been no public representation of this effort.

Maps provided by the corporate representatives of Verizon and Nextel do not show necessity as required by the Ordinance. In fact, independent analysis shows that the map provided by Verizon indicates that company would possibly be adversely affected by the installations and the Nextel map shows barely minimal increase in penetration'. Our own additional on-the ground-cell phone surveys found no lack of cell phone coverage in their proposed areas.

Section 23C.17.100 Section The Berkeley Telecommunications Ordinance says "The Board must make such findings of necessity on substantial evidence that 1. (without such antenna or facility the operator will be unable to provide personal wireless services in the proposed coverage area."

*Response 1:*

The City of Berkeley Wireless Telecommunications Facilities Ordinance (see Berkeley Municipal Code Section 23C.17) indicates that the City "may" request third-party engineering review of applications. Staff practice has been to generally only request third-party engineering review if the facility is proposed within a residential zoning district and/or if the project is highly controversial. Third-party engineering review is an involved exercise, with direct costs for the applicant of approximately $10,000 in addition to standard Use Permit application fees.

Appeal: 2721 Shattuck Avenue (Verizon)	ACTION CALENDAR
September 26, 2006

Third-party engineering review was requested by staff on a proposal for a wireless telecommunications facility at 1145 Gilman Street since it was proposed in a church steeple in a residential zoning district. However, the appellant is incorrect in suggesting that the Zoning Adjustments Board denied the proposal for 1145 Gilman Street on the basis of third-party engineering review. In fact, the City's third-party engineer (RCC Consultants, Inc.) reviewed the application materials submitted for 1145 Gilman Street, including the predicted coverage maps and the carrier's drive test results, and confirmed that the wireless facility appeared to be required to provide adequate coverage.

Despite RCC's findings, the Zoning Adjustments Board found there was not substantial evidence the facility proposed in the residential zone was necessary to provide personal wireless services to Cingular Wireless customers, primarily since:

1. A number of neighbors testified that they were Cingular Wireless customers and that they had had no difficulty making cellular phone calls within the area identified by the applicant as having inadequate coverage; and

2. One speaker testified that he had used a Cingular Wireless cellular phone to make a number of phone calls within the area identified by the applicant as having inadequate coverage. The speaker submitted a call log and an accompanying map showing the locations of where these calls were made relative to the map of existing coverage submitted by the applicant; and

3. The Wireless Telecommunications Facilities Ordinance indicates that wireless facilities are a commercial use that should not be located in residentially zoned districts unless specific findings are made, including that the facility is necessary;

4. The applicant did not adequately refute public testimony and justify need for the facility in a residentially zoned district.

Neither Staff nor the Zoning Adjustments Board requested third-party engineering review of the applications at 2721 Shattuck Avenue that are the subject of this appeal. The Zoning Adjustments Board found that the facility proposed by Verizon Wireless is necessary since the applicant's narrative statement explains why the carrier has unacceptable coverage in this area and since the applicant provided a map modeling existing coverage that depicts a lack of coverage in the area (*Findings and Conditions* dated 25 May 2006, pp. 2-3).

At the time of writing this report, no independent analysis or additional on the ground survey results have been provided by the appellant to substantiate the statements made in the appeal or to refute the Zoning Adjustments Board's finding of necessity.

Staff does not recommend that third-party engineering review be required for the above reasons. Should the City Council request such review, this item would need to be set for public hearing (because it would involve the consideration of new material) or it would need to be remanded to the Zoning Adjustments Board.

Appeal: 2721 Shattuck Avenue (Verizon)　　　　　　　　　ACTION CALENDAR
　　　　　　　　　　　　　　　　　　　　　　　　　　　　September 26, 2006

*Issue 2:*

"Shattuck Avenue Storage is itself zoned commercial, but the ZAB did not acknowledge (or appear to be informed) that it is adjacent to an R2 neighborhood.

The ZAB reportedly denied the proposed Gilman Street Cell Phone Antennas based on the residential property adjacent and neighborhood health concerns.

There is no evidence of effort to keep the Verizon/Nextel/Kennedy Project away from a densely populated residential area."

*Response 2:*

The appellant's claim that the Zoning Adjustments Board did not acknowledge, or was not informed that the project site is adjacent to residential zoning district is not correct. A table on page four and a discussion on page five of the *ZAB Staff Report* dated 25 May 2006 describe the zoning and use of the project site and the surrounding area. In their testimony during the Zoning Adjustments Board public hearing objectors to the project also re-iterated the fact that the project site is adjacent to a residential area.

Contrary to the claim made in this appeal, the Zoning Adjustments Board's denial of the wireless telecommunications facility at 1145 Gilman Street was not "based on the residential property adjacent and neighborhood health concerns". The reasons for the Zoning Adjustments Board's denial of the wireless telecommunications facility at 1145 Gilman Street are outlined in more detail in the response to Issue 1, above.

The appellant's assertion that there is no evidence of effort to keep the project away from a residential area is also not correct. The proposed location of the facility and alternatives were considered by the Zoning Adjustments Board and addressed in their findings (*Findings and Conditions* dated 25 May 2006, p. 3), which include:

1. The applicant provided a narrative statement indicating that the carrier has unacceptable coverage in the area. The applicant also provided a map modeling existing coverage that depicts a lack of coverage in the area;

2. Co-location with existing facilities is not feasible since there are no existing wireless facilities in the vicinity that would satisfy the carrier's coverage and capacity needs;

3. Other locations (without existing facilities) in the vicinity of the site were not suitable, including the fire station on Shattuck Avenue; and

4. Another carrier (Nextel Communications) is proposing to establish a new wireless telecommunications facility on the same site (UP#05-10000033 relates), which would establish a co-location site.

Appeal: 2721 Shattuck Avenue (Verizon)                    ACTION CALENDAR
                                                          September 26, 2006

With respect to the appellant's concern about locating the proposed facility adjacent to a residentially zoned district, it should also be noted that most of the wireless telecommunications facilities in Berkeley are located along the avenues and other major streets, and avenue commercial sites almost always directly adjoin residential districts.

*Issue 3:*

"This Verizon/Nextel/ Patrick Kennedy request is an undue burden on the LeConte/So. Berkeley neighborhood. Though it has the authority the ZAB did not limit the number of cell phone towers that can be installed at Shattuck Avenue Storage. Therefore the "Farm" can become a nightmare of even more."

*Response 3:*

The appellant is not correct in assuming that the Zoning Adjustments Board has the authority to arbitrarily limit the number of wireless telecommunications facilities at this site. In fact, the City of Berkeley Wireless Telecommunications Facilities Ordinance (see Berkeley Municipal Code Section 23C.17) encourages co-location, which is the grouping of new wireless telecommunications facilities along with existing facilities. The Zoning Adjustments Board is responsible for properly acting on permit applications before them and their role is not to set or change established policy.

An increase in the number of wireless antennas at this site would require a discretionary permit. The Zoning Adjustments Board would need to evaluate the permit application in accordance with the standard non-detriment finding and the special findings included in the City of Berkeley Wireless Telecommunications Facilities Ordinance.

*Issue 4:*

"Real Estate Professionals have assessed that this proposed project would greatly decrease the property values of the adjacent housing and neighborhoods. This project is lucrative for corporate interests on the back of private citizens who have worked hard over the last decade, one house and one apartment building at a time to raise the attractiveness, safety and value of the neighborhood. This is unfair."

*Response 4:*

The appellant has not provided any evidence alluded to in the appeal to substantiate the assertion that the proposed project would "greatly decrease the property values of the adjacent housing and neighborhoods". In addition, Section 704 of the Telecommunications Act of 1996 (47 U.S.C. §332(c)) prohibits local governments from denying proposed wireless service facilities on these grounds.

*Issue 5:*

Appeal: 2721 Shattuck Avenue (Verizon)                  ACTION CALENDAR
September 26, 2006

"If the ZAB had applied the same criteria used to deny the cell phone antennas in the Gilman Street Neighborhood, this project in the LeConte/So. Berkeley Neighborhood would also have been denied."

*Response 5:*

The Zoning Adjustments Board applied the same criteria in assessing the proposals at 1145 Gilman Street and 2721 Shattuck Avenue, namely, the purposes and special findings included in the City of Berkeley Wireless Telecommunications Facilities Ordinance. The reasons for the Zoning Adjustments Board's denial of the wireless telecommunications facility at 1145 Gilman Street is more fully described in the response to Issue 1, above. The primary differences between the two cases, include that:

1. The project site at 1145 Gilman Street is included in a residential zone rather than a commercial zone. The objectives of the City of Berkeley Wireless Telecommunications Facilities Ordinance include preventing the location of wireless telecommunications facilities in residentially zoned districts since they are a commercial use (unless the facilities are necessary and are designed to minimize interference with the character of the neighborhood);

2. A number of residents living nearby to the project site at 1145 Gilman Street provided strong testimony and evidence casting doubt on the carrier's assertion that the facility was necessary in a residentially zoned district to provide personal wireless services to their customers; and

3. The applicant for 1145 Gilman Street did not adequately refute this public testimony and justify need for the facility in a residentially zoned district.

*Summary*

No substantive new issues have been raised in this appeal. Staff does not recommend that third-party engineering review be required of this project for the reasons outlined in the response to appeal Issue 1. For this reason Staff recommends that the City Council adopt a resolution affirming the decision of the Zoning Adjustments Board and dismissing the appeal. Should the City Council disagree with this position and request third-party engineering review, it is recommended that the City Council set this item for public hearing (because it would involve the consideration of new material). The City Council could also remand this item to the Zoning Adjustments Board to consider the requested third-party engineering review report.

ALTERNATIVE ACTIONS CONSIDERED
Section 23B.32.060 of the Berkeley Municipal Code (BMC) provides that the Council may take one of the following actions on the appeal of the ZAB decision:

1. Affirm ZAB Decision: If the Council determines that the facts ascertainable from the record prepared by the Zoning Officer do not warrant further hearing, the Council shall

- 121 -

Appeal: 2721 Shattuck Avenue (Verizon)   ACTION CALENDAR
September 26, 2006

affirm the decision of the ZAB and dismiss the appeal, in which case the application is approved;

2. <u>Set for Public Hearing</u>: If the Council determines that the facts ascertainable from the record prepared by the Zoning Officer warrant further hearing, the Council shall set the matter for a public hearing; and

3. <u>Remand to ZAB</u>: If the Council determines that the facts ascertainable from the record prepared by the Zoning Officer warrant reconsideration of the application by the ZAB, or if the applicant has submitted revisions to the application, the Council shall remand the matter to the ZAB to reconsider the application, in which case it shall specify whether or not the ZAB shall hold a new public hearing, and shall identify those issues which the ZAB is directed to investigate and reconsider.

A new ZAB decision may be appealed in the normal manner unless otherwise directed by Council. If 60 days pass, and the ZAB has not made a subsequent decision, then the original decision and the original appeal of that decision shall be placed back on the Council agenda in the same manner as a new decision and appeal.

## ACTION DEADLINES
The appeal first appeared on the City Council's agenda of 26 September 2006. If none of the three actions shown above is taken by 26 October 2006 (30 days from the date the appeal first appeared on the agenda), the decision of the ZAB is deemed affirmed. If the City Council resolves to hold a public hearing, a public hearing must commence within 60 days of the date of the resolution.

## CONTACT PERSON
Christopher Wolf, Associate Planner, Planning and Development, (510) 981-7410
Mark Rhoades, AICP, Land Use Planning Manager, Planning and Development, (510) 981-7411


Attachments:
1: Resolution
   Exhibit A: Findings and Conditions
   Exhibit B: Project Plans
2: Appeal
3: Administrative Record