# EXHIBIT O



Office of the City Manager

ACTION CALENDAR
May 8, 2007

To:           Honorable Mayor and
              Members of the City Council

From:         Phil Kamlarz, City Manager

Submitted by: Daniel Marks, Director, Planning and Development

Subject:      ZAB Appeal: 2721 Shattuck Ave (Verizon)

## RECOMMENDATION
Set a public hearing on July 10, 2007 on Use Permit No. 05-10000033 for a new wireless telecommunications facility (including five antennas and related equipment) for Verizon Wireless at 2721 Shattuck Avenue.

## FISCAL IMPACTS OF RECOMMENDATION
None.

## CURRENT SITUATION AND ITS EFFECTS
On January 25, 2007, the Zoning Adjustments Board denied (6-3-0-0) a Use Permit application from Verizon Wireless to construct a new wireless telecommunications facility (including five antennas and related equipment) at 2721 Shattuck Avenue. On February 7, 2007, Verizon Wireless appealed the Zoning Adjustments Board's decision.

## BACKGROUND

### Site and surrounding area conditions
The project site is located on the north-eastern corner of Shattuck Avenue and Ward Street. This intersection is at the southern end of the Shattuck Avenue commercial corridor. A four-story building on the site is used for a moving and mini-storage warehouse (UC Storage). Lots to the east of the site are used for residential purposes.

BEK000004

ZAB Appeal: 2721 Shattuck Ave (Verizon)

ACTION CALENDAR
May 8, 2007

**Figure 1: Vicinity Map**



BEK000006

ZAB Appeal: 2721 Shattuck Ave (Verizon)

ACTION CALENDAR
May 8, 2007

**Figure 2: Site Plan**



SITE PLAN

BEK000006

ZAB Appeal: 2721 Shattuck Ave (Verizon)                     ACTION CALENDAR
                                                            May 8, 2007

<u>Project description</u>

The wireless telecommunications facility for Verizon Wireless involves the following main
elements:

1.  Five **antennas** at three locations on the northern and eastern facades of the building.
    Antennas will be mounted flush to the top of the wall, without protruding above the
    existing height of 58 feet;

2.  Two **GPS antennas** on the parapet of the eastern side of the building, adjacent to the
    cable tray;

3.  **Equipment** at ground level in a 15.25 foot by 25.75 foot enclosed lease area;

4.  **Air-conditioning** equipment on the roof of the building behind an existing parapet wall;
    and

5.  A **plug** for an emergency backup generator on the northern side of the building.

Another carrier (Nextel Communications) is proposing to establish a new wireless
telecommunications facility at the same site (UP No. 04-10000068 relates).

<u>Project Chronology</u>
Key dates and actions associated with the project include:

March 8, 2005 ..............Verizon Wireless submitted a Use Permit application to construct a new
                            wireless telecommunications facility (including five antennas and related
                            equipment) at 2721 Shattuck Avenue.

May 25, 2006 ...............The Zoning Adjustments Board approved (8-0-1-0; Abstain: Shumer)
                            the application for a Use Permit subject to conditions and based on the
                            required Zoning Ordinance findings.

June 19, 2006 ...............A neighbor located at 2121 Ward Street, Berkeley, appealed the Zoning
                            Adjustments Board's decision on behalf of the"Ward Street Neighbors".

September 26, 2006 ......The City Council remanded the project to the Zoning Adjustments Board
                            for it to reconsider the project (including third-party engineering review),
                            determine parking and loading requirements for the existing legal uses of
                            the site, and consider allegations of illegal uses and work without
                            permits.

4



BEK000007

ZAB Appeal: 2721 Shattuck Ave (Verizon)                    ACTION CALENDAR
                                                            May 8, 2007

On January 25, 2007 the Zoning Adjustments Board held a public hearing to act on the remand from the City Council. The Board heard testimony from Verizon Wireless, the City's independent engineer, and from project supporters and objectors (see page 319-382 of Attachment 2 for unedited transcript of meeting).

Verizon Wireless representatives described the need for the facility, which is primarily related to providing more capacity. They also indicated that no significant visual or noise effects would be associated with the project. Supporters of the project included some Verizon Wireless customers, and staff that stated that there were service problems in the area.

Opponents of the project indicated that coverage in the area was adequate and suggested that there is an over-concentration of wireless facilities in South Berkeley. Nearby residents also suggested that the existing parking and loading arrangements for the building were illegal and that building work had been done without permits. They were also concerned about visual effects of the facility. However, the primary objection to the facility related to potential effects on human health.

The City's independent engineer (RCC Consultants, Inc.) answered questions from the Zoning Adjustments Board after the close of the public hearing. The independent engineer explained what data Verizon Wireless provided and why it indicated that the facility was needed. The engineer explained that independent field-testing was not carried out since the facility is primarily needed to increase capacity, not to provide increased coverage. Verizon's existing facilities are projected to run out of capacity to handle demand, and it will not be technically possible to further upgrade them. For this reason a new facility is needed. To verify this capacity need the City's independent engineer reviewed data such as historic blocked or dropped call data, and details about existing sites (such as upgrades and optimization efforts that were undertaken to improve capacity). Independent field tests of signal strength are not used to verify capacity need for a facility. Coverage need is different to capacity. It is related to coverage 'holes', which are areas where signal strength provided by existing facilities is not adequate. It existing facilities cannot be optimized to provide additional coverage, a new facility would be needed. An independent field test of signal strength could be used to verify coverage need.

As required by the City Council remand (see Page 4 of this report), the Zoning Adjustments Board re-considered the project, including independent engineering review. Some board members questioned whether the facility could be located further away from residential districts. They were also concerned about the methodology used by the City's independent engineer to review the need for the facility since it did not include a field test of signal strength. The Board determined that the parking/loading requirements for the building amounted to three off-street parking spaces within the building (and did not include the parking lot to the north). The Board did not find any evidence of illegal uses or building activity.

During deliberations one board member expressed concerns about the project based on potential human health effects. The Board denied (6-3-0-0) the Use Permit application pursuant to

5

BEK000008



ZAB Appeal: 2721 Shattuck Ave (Verizon)                     ACTION CALENDAR
                                                            May 8, 2007

Berkeley Municipal Code Section 23B.32.040 and Section 23C.17.100.D. The Board's findings were as follows:

1. There is not substantial evidence that the facility proposed is necessary to provide personal wireless services to Verizon Wireless customers since independent engineering review of the project was based on information that was supplied by Verizon Wireless and the review did not include a test of signal reception in the area around the project site; and

2. There is not substantial evidence that the facility proposed is necessary in this particular location and that it could not be located in an alternative location further away from residential districts.

The Administrative Record for this project since September 26, 2006 is attached to this report (see Attachment 2). It excludes the Administrative Record preceding this date since this material was attached to the Staff Report submitted for the City Council meeting on September 26, 2006. The earlier part of the Administrative Record is available on request.

RATIONALE FOR RECOMMENDATION
The appeal (see Attachment 1 for full text) of the Zoning Adjustments Board decision from Verizon Wireless relied on four issues, which are summarized below and followed by a Staff response.

*Issue 1:*

The denial was unlawful because it violated Section 332 of the Telecommunications Act since it prohibited or had the effect of prohibiting Verizon Wireless from providing service, and was based on the perceived health effects of radio waves, a subject preempted by federal law. The denial was also unlawful because it was not based on substantial evidence, since the Board assumed that data provided to the City's independent engineer was unreliable, that field-testing of signal strength was necessary, and that the analysis of alternative sites was not adequate.

*Response 1:*

Section 332 of the Telecommunications Act recognizes local zoning authority over wireless telecommunications antennas for personal wireless service; however, it includes the following limits on this authority:



1. Local governments may not regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilities comply with the [Federal Communication] Commission's regulations concerning such emissions;

2. Local regulation may not prohibit or have the effect of prohibiting the provision of personal wireless services; and

6



ZAB Appeal: 2721 Shattuck Ave (Verizon)                    ACTION CALENDAR
                                                          May 8, 2007

    3.  Local regulation may not unreasonably discriminate among providers of functionally
       equivalent services.

The appellant's first assertion is that the Zoning Adjustments Board denied the project on the
basis of perceived health effects in violation of Section 332 of the Telecommunications Act. The
Council has previously received a confidential memorandum that addresses this ground of
Verizon's appeal. The Board's stated reasons for denying the project were that: independent
engineering review of the project was based on information supplied by Verizon Wireless; there
was no test of signal reception; and there is not substantial evidence that the facility proposed is
necessary in this particular location, and that it could not be located further away from residential
districts.

Section 332 of the Telecommunications Act provides that any decision to deny a permit for a
wireless telecommunication facility must be in writing and supported by substantial evidence.
The Zoning Adjustments Board's findings related to these issues are reviewed below.

The Zoning Adjustments Board set aside the report from the City's independent engineer because
some data came from equipment operated by Verizon Wireless. The basis for this decision is
unclear. In their public testimony, residents opposed to the project questioned the independent
engineer's conclusion that the facility was needed. They testified that they did not have any
problems making calls or with blocked or dropped calls. One resident also testified that staff at
the carrier's Berkeley store had indicated that coverage was excellent in the area. However,
despite this testimony, no evidence was provided that the data the City's independent engineer
relied on was in any respect inaccurate or incomplete.

Since the facility is primarily needed for capacity reasons, the City's independent engineer
requested other data to verify that the proposed facility is needed. This data included historic
blocked or dropped call data, and details about existing sites (such as upgrades and optimization
efforts that were undertaken to improve capacity). The Board did not make a finding relating the
primary need for the facility, which is capacity. The finding that there was no independent field-
testing of signal strength in the area around the project site does not address the reason stated as
the primary need for this facility. Field-testing would be used to verify that a facility is needed
for coverage reasons, not for capacity reasons.

This facility is also partly needed for coverage reasons. For this reason, City Staff asked the
City's independent engineer to carry out field-testing after the appeal of the Board's decision was
received. City Staff are currently awaiting the completion of this field-testing and a report from
the City's independent engineer. However, even if the data indicates that coverage is adequate, it
would not address the analysis of capacity and would not be a basis for denial.

The Zoning Adjustments Board finding also relied on a perceived lack of evidence
demonstrating that the facility was necessary in this particular location and that it could not be
located in an alternative location further away from residential districts. This finding is not
consistent with the City's Wireless Telecommunication Facilities Ordinance (Berkeley Municipal
Code Chapter 23C.17). Chapter 23C.17 does not provide for the City to deny an application on



7

BEK000010

ZAB Appeal: 2721 Shattuck Ave (Verizon)                 ACTION CALENDAR
                                                        May 8, 2007



the basis that an alternative site might exist. This issue was also addressed in a confidential
memorandum to the City Council.

*Issue 2:*

The City's requirement that Verizon Wireless demonstrate the need for each wireless facility
violates Section 253 of the Telecommunications Act. For this reason, the City's denial of the
project is unlawful. In addition, the denial intruded on the plenary authority of the California
Public Utilities Commission by purporting to determine the need for a Verizon Wireless facility.

*Response 2:*

The Council has received a confidential memorandum that addressed this issue.

*Issue 3:*

The denial was unlawful because it denied Verizon Wireless due process of law in violation of
the U.S. Constitution and 42 U.S.C. § 1983.

*Response 3:*

The Zoning Adjustments Board asked the City's independent engineer to answer certain questions
about the need for the facility after the close of the public hearing. The Board concluded that the
independent engineer's study was not adequate because it did not include field-testing of signal
strength (coverage). However, the applicant was not given an opportunity to respond to these
concerns prior to the Board's decision. The appellant believes that this violated their right to due
process of law.

As indicated above, City Staff have since asked the City's independent engineer to carry out field-
testing to supplement the existing report on the project. If this matter is set for hearing as
discussed below, it would give the Council an opportunity to review the supplemental
information and for the appellant and public to be heard on this issue, although, as noted above,
adequate coverage alone would not be a basis for denial. In any case, Verizon Wireless has not
been denied due process of law since they have appealed the Board's decision to the City Council
and therefore have had an opportunity to respond to any information provided to the Zoning
Adjustments Board.

*Issue 4:*

The denial was unlawful because it violated both the City's own code and the California Permit
Streamlining Act since third-party engineering review of alternative sites is not provided for in
the Zoning Ordinance and since it was requested after the application was deemed complete.

8



ZAB Appeal: 2721 Shattuck Ave (Verizon)                ACTION CALENDAR
                                                                     May 8, 2007

*Response 4:*

As indicated above, the City's Wireless Telecommunication Facilities Ordinance does not provide for the City to deny an application on the basis that an alternative site might exist. Thus the Zoning Adjustments Board's denial of the application based on the fact that the independent engineering did not consider this issue does not appear to be valid.

However, the Permit Streamlining Act was not violated. Independent engineering review of wireless facilities is carried out after projects are deemed complete. The applicant's statement submitted with the project application included the applicant's agreement to submit to independent engineering review, and the application was deemed complete on this basis. The Permit Streamlining Act allows for additional information to be requested to aid in the decision-making process.

*Summary*

The basis for the Zoning Adjustments Board's decision to set aside the report from the City's independent engineer is unclear and does not appear to be supported by substantial evidence. Field testing of signal strength is not relevant to the primary need for Verizon's facility, which is capacity. Despite this, City Staff asked the City's independent engineer to carry out field testing subsequent to the receipt of this appeal. However, even if field testing indicates that coverage is adequate, it would not address the analysis of capacity and would not be a basis for denial. In addition, the Board's finding relating to the consideration of alternative sites does not appear to be relevant since the City's Ordinance (Berkeley Municipal Code Chapter 23C.17) does not provide for the City to deny an application on the basis that an alternative site might exist.

For these reasons, Staff recommends that the City Council set the matter for public hearing, thereby giving the City Council an opportunity to accept public testimony and to consider a supplemental report from the City's independent engineer on field testing currently being carried out.

ALTERNATIVE ACTIONS CONSIDERED
Section 23B.32.060 of the Berkeley Municipal Code (BMC) provides that the Council may take one of the following alternative actions on the appeal of the ZAB decision:

1. <u>Affirm ZAB Decision</u>: If the Council determines that the facts ascertainable from the record prepared by the Zoning Officer do not warrant further hearing, the Council shall affirm the decision of the ZAB and dismiss the appeal, in which case the application is approved;

2. <u>Remand to ZAB</u>: If the Council determines that the facts ascertainable from the record prepared by the Zoning Officer warrant reconsideration of the application by the ZAB, or if the applicant has submitted revisions to the application, the Council shall remand the matter to the ZAB to reconsider the application, in which case it shall specify whether or

9

ZAB Appeal: 2721 Shattuck Ave (Verizon)

ACTION CALENDAR
May 8, 2007

not the ZAB shall hold a new public hearing, and shall identify those issues which the ZAB is directed to investigate and reconsider.

A new ZAB decision may be appealed in the normal manner unless otherwise directed by Council. If 60 days pass, and the ZAB has not made a subsequent decision, then the original decision and the original appeal of that decision shall be placed back on the Council agenda in the same manner as a new decision and appeal.

<u>ACTION DEADLINES</u>
The appeal first appeared on the City Council's agenda of May 8, 2007. If none of the three actions shown above is taken by June 7, 2007 (30 days from the date the appeal first appeared on the agenda), the decision of the ZAB is deemed affirmed. If the City Council resolves to hold a public hearing, a public hearing must commence within 60 days of the date of the resolution.

<u>CONTACT PERSON</u>
Mark Rhoades, AICP, Land Use Planning Manager, Planning and Development, (510) 981-7411

Attachments:
1: Appeal
2: Administrative Record

10



BEK000013