**EXHIBIT Q**



Berkeley City Council mts
05-22-07

# City Council Meeting
# May 22, 2007:

# Extract of real-time
# closed captioner's
# transcript

>> YES.

>> SPRING.

>> YES.

>> CAPITELLI.

>> YES.

>> OLDS.

>> YES.

>> WORTHINGTON.

>> ABSTAIN.

>> WOZNIAK.

>> YES.

>> MAYOR BATES.

>> Mayor Bates: YES.

>> Clerk: THE MOTION PASSES.

NOW WE'RE ON THE PUBLIC HEARING.

WE'RE GOING TO HAVE -- I'M SORRY, I TAKE THAT BACK.

WE HAVE THE APPEALS, ITEMS 28 AND 29.

WE HAVE HEARD THESE ITEMS AT LENGTH.

I THINK THAT WE'RE -- WE HAVE 28 AND 29.

AM I MISSING SOMETHING HERE?

>> M. Albuquerque: EX PARTE.

>> Mayor Bates: EX PARTE DISCLOSURE, THANK YOU.

IF ANYONE HAS HAD ANY EX PARTE CONTACT, THEY NEED TO

DISCLOSE IT NOW.


THAT WOULD MEAN IF YOU HAD ANYONE, ANYONE HAD ANY CONTACT

WITH ANY OF THE PARTIES THEY SHOULD DISCLOSE IT AT THIS

TIME.

ANYONE?

SEEING NONE.

WE WILL HAVE A STAFF REPORT, NOW, ONE OF THE THINGS WE ASKED

FOR, WE WERE TYING TO FIGURE OUT HOW, WE WANTED TO SET A

PUBLIC HEARING, WHAT WOULD BE THE TIME WE COULD SET THE

PUBLIC HEARING.

>> I'LL DEFER TO THE CITY ATTORNEY.

>> M. Albuquerque: YOU SHOULD HAVE AS A LAST ITEM IN

CONNECTION WITH THE VERIZON APPEAL, A LETTER DATED MAY 14,

2007.

FROM MR. PAULAL BRITON, ATTORNEY REPRESENTING THE VERIZON

COMPANY, PAUL ALBRITTON.

IN THAT LETTER HE EXPLAINS THAT IF THE COUNCIL WERE TO

CONTINUE THIS MATTER PAST THE RECESS INTO SEPTEMBER, THAT HE

WOULD CONSIDER THAT TO BE AN UNREASONABLE DELAY, CITING 47

USC, ET CETERA.

AND AS THE COUNCIL IS AWARE, WE HAVE GIVEN YOU A

CONFIDENTIAL MEMO IN GENERAL ABOUT THESE APPEALS AND THESE

VARIOUS LAWS, INCLUDING THE PARTICULAR CODE SECTION.

AND WE'RE ADVISED BY MR. MARKS THAT NEITHER PARTY -- NEITHER

APPELLANT HAVE AGREED TO ANY CONTINUANCE.

SO WE ASK THAT YOU READ THE CONFIDENTIAL MEMO, AND RECOMMEND

THAT YOU SET THE MATTER FOR JULY BEFORE THE RECESS.


>> D. Marks: I'D LIKE TO ADD A LITTLE INFORMATION TO THAT.

THE CITY'S ENGINEER THAT WORKS FOR THE CITY AND DOES

INDEPENDENT REVIEW IS NOT AVAILABLE IN SEPTEMBER, UNTIL

SEPTEMBER 22.

SO YOU WOULD NOT BE ABLE TO HEAR FROM THE ENGINEER IN

SEPTEMBER.

I UNDERSTAND THAT YOU'RE OUT OF TOWN UNTIL OCTOBER.

THE EARLIEST DATE THAT THE ENGINEER COULD BE PRESENT, EXCEPT

FOR JULY, WOULD BE IN OCTOBER.

>> Mayor Bates: SO YOUR RECOMMENDATION IS THE 10th.

>> M. Albuquerque: YES, BEFORE YOUR RECESS.

>> Mayor Bates: OKAY.

ANYONE HERE FROM THE NEIGHBORHOOD?

YES, PLEASE.

THEN WE'LL HEAR FROM THE APPELLANT THEN WE'RE GOING TO VOTE.

>> HELLO, I LIVE ON FULTON AND DERBY.

IT WAS OUR UNDERSTANDING, IT SEEMED TO BE THE CONCLUSION

THAT THE CITY COUNCIL HAD COME TO LAST TIME, WAS THAT THE

HEARING WOULD BE IN SEPTEMBER.

SINCE A NUMBER OF THE MAJOR ORGANIZERS WILL NOT BE HERE FOR

THAT JULY MEETING, THAT LEAVES US BASICALLY DEAD IN THE

WATER.

AND, I MEAN, THAT WAS -- WHEN WE LEFT THAT DAY THAT WAS

DEFINITELY THE CONSENSUS.

THAT'S WHAT WE AGREED UPON.

SO I DON'T SEE ANY REASON -- EXCEPT FOR WHAT?


>> SUBJECT TO EXTENSION.

>> THAT'S WHY WE'RE NOT EVEN HERE, BEING REPRESENTED.

BEK000640

BECAUSE THAT WAS OUR UNDERSTANDING.

WE WALKED AWAY FROM THAT DAY.

>> Mayor Bates: THANK YOU.

APPELLANT WANT TO MAKE A STATEMENT?

>> PAUL ALBRITTON, REPRESENTING VERIZON WIRELESS.

I HAVE THREE QUICK POINTS.

>> L. Maio: SPEAK INTO THE MICROPHONE.

>> YOU HAVE MY LEGAL LETTER, THANK YOU FOR THE QUICK REVIEW.

I ALSO WANTED TO POINT OUT TO YOU THAT IN THE LAST WEEK,

VERIZON WIRELESS SENT A POSTCARD OUT TO ITS CUSTOMERS IN THE

VICINITY OF THE PROJECT, AND RECEIVED 104 CARDS BACK IN

SUPPORT OF THE PROJECT.

YOU HAVE THAT IN FRONT OF YOU.

I WANT TO SAY THAT I REVIEWED THE DVD OF YOUR HEARING, A

SOBERING THING I ENCOURAGE YOU ALL TO DO.

I COUNTED AT LEAST SIX OF YOU WHO SAID THAT YOU DID NOT

SUPPORT THIS SITE.

I ENCOURAGE YOU, IF YOU THINK THAT THE ADDITIONAL

INFORMATION THAT RCC PROVIDED TO YOU THAT THEIR ENGINEER

DECIDED IT NEEDED FOR THE INFORMATION WE PROVIDED TONIGHT,

CUSTOMERS SUPPORT THIS SITE IN BERKELEY, IS WEIGHTY ENOUGH

FOR YOU TO APPROVE THE SITE, WE ENCOURAGE YOU TO SET IT FOR

PUBLIC HEARING, RIGHT AWAY.

THERE ARE FOUR MEETINGS BETWEEN NOW AND JULY 10.


IF THAT'S NOT THE CASE, I ASK YOU TO ACT IN YOUR -- INTO

YOUR OWN CONVICTIONS AND TAKE THE ACTION THAT YOU DEEM

NECESSARY.

SENSE YOU ARE GIVING PEOPLE ONE MINUTE OF TIME, USE YOUR

TIME WISELY AS WELL.

I ASK YOU TO MAKE THAT SOBER DECISION.

FURTHER DELAYS WE CONSIDER TO VIOLATE FEDERAL LAW.

FURTHER REQUESTS FOR FURTHER INFORMATION WE CONSIDER TO BE

UNBRIDLED DISCRETION BY THIS BODY.

IT'S HARD TO MAKE A DECISION IN AN ENVIRONMENTALLY CHARGED

ROOM, PERHAPS IT SHOULD GO TO ANOTHER FORUM.

>> Mayor Bates: THAT CONCLUDES THE DISCUSSION.

WE'LL TAKE IT TO THE COUNCIL.

I WAS UNDER THE IMPRESSION THAT IT WAS GOING TO BE

SUCCESSFUL TO GO TO SEPTEMBER.

I THINK A LOT OF PEOPLE ARE NOT HERE BECAUSE OF THAT ACCOUNT

IF A.

THE QUESTION I HAVE IS IF WE CONTINUE THIS TO OUR NEXT

MEETING TO JUNE 12?

I WOULD ASK THAT WE MOVE IT TO JUNE 12.

AND WE HAVE A CHANCE TO --

>> HOLD THE HEARING JUNE 12?

>> Mayor Bates: NO, JUST MOVE THE ISSUE.

>> L. Maio: I'LL SECOND.

LET'S HEAR FROM THE STAFF ABOUT THE TIMING ISSUE.

>> WE'LL DISCUSS THE MOTION.


[ POOR AUDIO ]

>> M. Albuquerque: IT FIRST CAME -- SORRY, I WAS TRYING TO

GET THE DATE.

YOU HAVE THE TWO DIFFERENT DEADLINES YOU'RE OPERATING UNDER.

THE FIRST, YOU MUST DECIDE WHETHER TO 1 A FIRM, SET IT FOR

HEARING OR REMAND WITHIN 30 DAYS OF WHEN IT CAME BEFORE YOU.

IT CAME BEFORE YOU MAY 7, YOU CAN'T WAIT UNTIL JUNE 12.

>> Mayor Bates: WE CAN REMAND, DID YOU SAY?

>> M. Albuquerque: I DON'T THINK THAT -- IF.

>> Mayor Bates: IF YOU WON'T ALLOW US TO GO TO SEPTEMBER

WE'LL REMAND.

>> M. Albuquerque: FOR MAYOR, I WOULD NOT RECOMMEND THAT,

FOR THE SAME REASON THAT IT IS AN UNREASONABLE DELAY.

>> Mayor Bates: I KNOW.

I'D LIKE TO HEAR FROM THE REPRESENTATIVE OF VERIZON.

IF WE CAN'T SET IT TO SEPTEMBER, I'LL MOVE THAT WE REMAND.

YOU CAN SUE US ONE WAY OR THE OTHER.

WHICH EVER WAY.

>> YOU KNOW, IT'S UNFORTUNATE TO BE IN THAT SITUATION.

>> Mayor Bates: PARDON ME?

>> IT'S UNFORTUNATE.

YOU HAVE THREE THINGS YOU CAN DO TONIGHT.

YOU CAN --

>> Mayor Bates: I DON'T WANT -- YOU HAVE A CHOICE.

I'M GIVING YOU A CHOICE.

WOULD YOU RATHER WE REMAND OR GIVE TO US SEPTEMBER?


SAY ONE WAY OR THE OTHER, YOUR PREFERENCE.

>> AND I HAVE TO STICK TO WHAT I'VE SAID.

THAT YOU HEAR IT IN ONE OF YOUR THREE MEETINGS IN JUNE OR IN

JULY, OR IF THE ZAB'S DECISION IS SOMETHING THAT YOU ARE

ALREADY VOICING SUPPORT FOR, THEN MOVE FORWARD.

I'M SORRY I'M NOT GOING TO GIVE YOU --

>> Mayor Bates: YOU AREN'T GOING TO GIVE US YOUR PREFERENCE.

ALL RIGHT.

>> I DON'T HAVE A PREFERENCE FOR EITHER ONE OF THEM.

>> Mayor Bates: WE HAVE THREE CHOICES.

HEAR IT, WE CAN REMAND IT OR APPROVE IT, RIGHT?

>> M. Albuquerque: MR. MAYOR?

YES, IN GENERAL, YOU HAVE THOSE THREE CHOICES.

BUT I REMIND YOU OF THE CONFIDENTIAL MEMO THAT I SENT YOU.

AND I URGE YOU ON THE NOT TO REMAND IT OR SET IT PAST JULY.

 -- I URGE YOU NOT TO REMAND IT OR SET IT PAST JULY.

SET IT FOR A HEARING BEFORE JULY.

HE'S ASKING ME TO CLARIFY THAT WE'RE URGING TO YOU SET A

HEARING AND SET A HEARING BEFORE YOUR RECESS.

>> Mayor Bates: BEFORE WHAT?

>> I WAS RUNNING AROUND TO SEE WHETHER WE HAD ENOUGH TIME TO

NOTICE IT FOR JUNE 12.

IT APPEARS THAT WE DO.

>> Mayor Bates: IF WE REMAND, WHAT -- IF WE DECIDE THERE ARE

ISSUES THAT NEED TO BE CONSIDERED, REMAND IT TO THE ZAB,

THAT WOULD STILL BE WITHIN THE POWER, THEY WOULD PROBABLY


SUE US, BUT THEY'LL SUE US IF WE GO TO SEPTEMBER.

WE'RE HEAD FORWARD A LAWSUIT IN ANY CASE.

>> M. Albuquerque: YOU CAN SET A HEARING AND MAKE A DECISION

BY JULY.

THEY'RE NOT OBJECTING TO YOU SETTING IT FOR HEARING AND

MAKING A DECISION.

>> Mayor Bates: THERE'S NO OBJECTION FOR US SETTING --.

>> M. Albuquerque: A HEARING OF YOURSELVES BEFORE JULY.

>> L. Maio: WE KNOW THAT.

>> Mayor Bates: WE HAVE A MOTION BY OLDS, I BELIEVE WE HAD A

SECOND.

>> B. Olds: IN LIEU OF WHAT WE'VE HEARD, I THINK THAT WE

SHOULD PROBABLY FOLLOW THE ADVICE OF OUR ATTORNEY AND SET IT

FOR JULY OR WHENEVER NECESSARY.

>> Mayor Bates: YOU WANT TO MAKE A MOTION TO SET IT FOR

JULY?

>> B. Olds: YES.

>> L. Maio: I'M WITHDRAWING MY SECOND.

I'M NOT PART OF THAT MOTION.

>> Mayor Bates: OKAY.

THE EGGS MONTH IS TO SET IT FOR JULY.

IS THERE A SECOND?

SECONDED BY WOZNIAK.

JULY 10.

>> M. Albuquerque: COUNCILMEMBER OLDS?

>> M. Albuquerque: MAY I ASK COUNCILMEMBER -- EXPLAIN ONE


THING ABOUT THE MOTION TO COUNCILMEMBER OLDS.

>> Mayor Bates: SHE ASKED THAT WE SET IT FOR PUBLIC HEARING

--.

>> M. Albuquerque: SINCE HER NEIGHBORS ARE CONCERNED ABOUT

JULY AND ARE GOING TO BE AWAY, WHAT I WAS TRYING TO

- 237 -

DETERMINE IS WHETHER WE COULD SET IT IN JUNE.

IT APPEARS THAT WE CAN.

WE COULD SET IT ON JUNE 12.

WE COULD MAKE THE NOTICING, IT APPEARS, RIGHT NOW.

>> Mayor Bates: YOU COULD GET IT READY?

>> M. Albuquerque: TO ACCOMMODATE THE NEIGHBORS CONCERNS.

>> B. Olds: IF IT'S OKAY WITH THE NEIGHBORS THAT WE HOLD IT

JUNE 12?

THE HEARING.

>> Mayor Bates: OKAY, LET ME DO THIS.

YOU'RE IN CONTACT WITH THE PEOPLE THERE.

WE'LL PUT IT OVER, WE WILL BE HERE FAIRLY LATE THIS EVENING.

PUT IT OVER, CAN YOU CONTACT THE NEIGHBORS AND WE CAN --

>> MAY I ASK A QUESTION?

>> B. Olds: THEY WON'T HAVE TIME TO NOTICE IT.

>> D. Moore: THIS THERE IS AN AIR OF COLLUSION THAT I

RECENT.

THIS THREATENED LEGAL ACTION, THIS NOTION THAT IF WE DON'T

ACT EXACTLY THE WAY YOU WANT US TO ACT ON THE SCHEDULE THAT

YOU HAVE OUTLINED FROM YOUR CORPORATE HEADQUARTERS THAT

WE'RE GOING TO ALL BE IN TROUBLE.


I'M NOT BUYING IT.

I'M NOT BUYING THAT.

BECAUSE I THINK IT'S PART OF THIS WHOLE RAILROADING ASPECT

OF THIS THING.

I TELL YOU, WE'RE NOT GOING TO SHAFT THOSE NEIGHBORS.

WE'RE NOT GOING TO SHAFT THEM.

THEY NEED TO BE INTIMATELY INVOLVED IN PARTICIPATING IN THE

DISCUSSION ABOUT THIS.

AND I'M GOING TO DO EVERYTHING I CAN TO MAKE SURE THAT

HAPPENS.

>> Mayor Bates: OKAY.

COUNCILMEMBER WORTHINGTON?

WE'LL TRY TO PUT THIS OVER FOR A LATER TIME.

>> K. Worthington: I'D LIKE TO MAKE A SUBSTITUTE MOTION.

WE HAVE EXPERIENCED TESTIMONY THAT WE HAVE NEW INFORMATION

THAT WAS PRESENTED TO THE CITY COUNCIL THAT WAS NEVER

CONSIDERED BY THE ZONING BOARD.

THIS IS THE TESTIMONY OF THE PUBLIC, THIS IS THE TESTIMONY

OF OUR STAFF.

BASED ON THAT, I MAKE A SUBSTITUTE MOTION THAT WE REMAND

THIS TO THE ZONING BOARD SO THAT THEY CAN CONSIDER ALL THE

FACTS, AND THAT ALLOWS US TO MAKE A DECISION THIS EVENING,

AND ALSO ALLOWS US TO LET THE ZONING BOARD HAVE ALL THE

FACTS AT THEIR DISPOSAL.

>> SECOND.

>> B. Olds: THAT WILL BE THE THIRD REMAND -- SECOND REMAND


TO THE ZAB.

>> Mayor Bates: IS THERE A SECOND?

ANDERSON SECONDED THAT.

WHAT INFORMATION DO WE HAVE, WHAT NEW INFORMATION?

>> K. Worthington: THE CITY COUNCIL RECEIVED WRITTEN REPORT

THAT WAS NEVER PRESENTED TO THE ZONING BOARD FOR THEIR

CONSIDERATION.

FROM THE CITY ATTORNEY.

AND IF THEY HAVE NEW INFORMATION THEN THEY CAN CONSIDER IT

AND MAKE UP THEIR MINDS.

>> Mayor Bates: COUNCILMEMBER CAPITELLI?

>> L. Capitelli: I WANT TO ASK THE CITY ATTORNEY, BECAUSE I

DON'T WANT TO LOSE THIS WHOLE DISCUSSION ON THE

TECHNICALITY.

WHAT IS THE POSSIBILITY OF THE APPLICANT SUING US FOR

UNREASONABLE DELAY, AND JUST ENDING OUR ABILITY TO DISCUSS

THIS ANY FURTHER?

>> M. Albuquerque: VERY HIGH.

>> L. Capitelli: BY DELAYING WE MAY BE PLAYING INTO THE

HANDS OF THE APPLICANT.

IF THE COURT SAYS TO US, YOU'VE BEEN TAKING WAY TOO LONG,

THEY HAVE THEIR PERMIT, LET'S MOVE AHEAD.

SO, YOU KNOW, IF THE COUNCIL WANTS TO TAKE THAT CHANCE BY

DELAYING THIS, SENDING IT TO THE ZAB, LISTENING TO IT IN

SEPTEMBER, OCTOBER, THE APPLICANT IS GOING TO COURT AND A

JUDGE SAYING, HUH-HUH, YOU CAN'T DELAY IT MORE THAN YOU


ALREADY HAD, THEN WE LOSE ON A TECHNICALITY.

WE NEVER GET TO HEAR THE MERITS OF THE DISCUSSION.

I HAVE A HARD TIME REMANDING.

>> I WAS INTERESTED IN TRYING TO FIND OUT IF WE SET THIS FOR

HEARING IN JUNE, AND WE FELT THAT WE NEEDED TO POSTPONE

BEYOND THE COUNCIL BREAK, AND INTO SEPTEMBER, WE HAVE A TIME

ISSUE OVER THE BREAK.

BUT WHAT WOULD BE THE TIME FRAME, THEN, WITHIN WHICH WE HAD

TO MAKE A DECISION IF WE SET IT FOR WHATEVER THE LAST

MEETING IN JUNE IS?

>> M. Albuquerque: IF YOU LOOK AT YOUR ACTIONS IN TERMS -- A

COURT IS GOING TO LOOK AT YOUR ACTIONS.

>> L. Maio: I CAN'T UNDERSTAND YOU.

>> M. Albuquerque: A COURT IS GOING TO LOOK AT YOUR ACTIONS

IN TERMS OF THEIR SUBSTANCE AND THEIR FORM.

WHETHER THERE IS STALLING OR ISN'T STALLING, ANY DELAY TO

GET YOU BACK TO DELAYING PAST THE RECESS, WITHOUT SOMETHING

DRAMATIC THAT'S DIFFERENT, THAT PRECLUDES YOU FROM GOING

AHEAD AND DECIDING THE MERITS, YOU WILL BE IN THE SAME

POSITION.

>> L. Maio: YOU ARE SUGGESTING THAT WE ACTUALLY SET THIS AND

MAKE A DECISION BEFORE THE BREAK.

>> M. Albuquerque: CORRECT.

>> L. Maio: I'M CONCERNED, WE DID HAVE TESTIMONY FROM --

WITH SPECIFIC REFERENCE BACK TO EMPLOYEES, SPECIFIC

REFERENCE BACK TO EMPLOYEE STATEMENTS ABOUT THE LEVEL OF



SERVICE BEING VERY HIGH, THAT WAS PRESENTED TO US AT THE

LAST HEARING.

THAT IS A CONCERN TO ME.

BECAUSE WE ACTUALLY HAD NAMES OF PEOPLE, PHONE NUMBERS,

DIRECT QUOTES, SAYING WHAT A HIGH PROPBILITY THERE WAS OF

EXCELLENT SERVICE.

AND -- PROBABILITY OF EXCELLENT SERVICE.

- 241 -

I DON'T KNOW WHETHER YOU LOOKED AT THIS, MR. ATTORNEY, BUT

IT'S NOT WHAT I WOULD CONSIDER A STRONG ENDORSEMENT OF

SUPPORT, PARTICULARLY THERE ARE A LOT OF PEOPLE AROUND THE

NORTH BERKELEY WHO ARE NOT VERY CLOSE TO THIS ANTENNA, WHO

HAVE -- A LOT OF PEOPLE FROM NORTH BERKELEY AND SOLANO

AVENUE HAVE FILLED OUT THESE CARDS YOU SENT OUT.

SO YOU MIGHT WANT TO HAVE A LOOK AT THAT.

I WOULD LIKE TO KNOW, I'D LIKE TO REALLY HAVE THAT

INFORMATION VETTED.

AND I CERTAINLY WOULD LIKE THE ZAB TO DO THAT WORK FOR US.

>> Mayor Bates: I'M A LITTLE CONFUSED.

WHY CAN'T WE, IF WE HAD TO SET THIS, WHY CAN'T WE ALLOW THE

NEIGHBORHOOD WHO WOULD NORMALLY BE HERE, THEY THOUGHT IT

WOULD BE DEBATED LIKE THIS, IF WE MADE IT FOR JUNE 26th,

WHICH IS OUR LAST MEETING, IS THAT WITHIN THE TIME FRAME?

>> M. Albuquerque: WE HAVE A SITUATION IN TERMS OF MR. COWAN

WILL NOT BE HERE ON JUNE 19 AND 26 -- FOR COWAN.

HE WILL NOT BE HERE ON JUNE 19 OR 26.

THAT'S WHY WE WERE TRYING TO SET IT FOR JUNE 12.


>> Mayor Bates: WOULD YOU RATHER HAVE HIM OR THE NEIGHBORS

HERE?

>> M. Albuquerque: THE NEIGHBORS WILL BE HERE IN JUNE, BUT

NOT JULY.

THEY'RE CHECKING.

>> Mayor Bates: HERE IS WHAT WE'RE GOING TO DO.

I'D LIKE TO DO THIS.

WE HAVE A HUGE AGENDA.

I'D LIKE TO CONTINUE THIS, JUST TEMPORARILY -- I'D LIKE TO

CONTINUE THIS, SO HE HAS A CHANCE TO MAKE CONTACT WITH THE

PEOPLE, AND WE'LL GET BACK TO MOTIONS ON THE FLOOR, IF

THAT'S OKAY.

WHAT WE'LL DO RIGHT NOW IS TAKE A TEN-MINUTE BREAK.


>> I WAS NOT ABLE TO REACH ANY ONE.

THAT IS ALSO BECAUSE WE DIDN'T EXPECT THIS, AT ALL.

BUT I'M GOING TO HAVE TO GO AHEAD AND USE MY JUDGMENT AND

SAY THAT IF THAT IS WHAT THE CITY COUNCIL DECIDES, JUNE 12

WOULD BE WAY BETTER THAN JULY.

HOWEVER IN SUPPORT OF WHAT --

>> Mayor Bates: YOU HAVEN'T SPOKEN TO ANYONE BUT YOU THINK

THEY WOULD PREFER THE 12ED.

>> THAT'S THE BEST, TO MY JUDGMENT.

I WOULD LIKE TO SAY ONE QUICK THING, ABOUT THE MOTION THAT

COUNCILMEMBER WORTHINGTON MADE.

THERE IS AN ABUNDANCE OF NEW EVIDENCE F THEY WANT TO


THREATEN TO SUE FOR UNREASONABLE DELAY, THEY'RE NOT GOING TO

HAVE MUCH OF A CASE.

THERE ARE ALL THE PETITIONS THAT THE ZAB DIDN'T SEE, WITH

THE SIGNATURES SAYING THAT THEIR CELL PHONE RECEPTION IS

COMPLETELY FINE IN THAT AREA.

AND THEN ALSO, VERIZON BROUGHT IN NEW EVIDENCE.

SO THERE'S PLENTY OF NEW EVIDENCE.

1 DON'T THINK THEY WILL HAVE GROUNDS TO SUE ON THAT.

>> Mayor Bates: WE HAVE A MOTION ON THE FLOOR FOR REMAND,
RIGHT?.

>> D. Moore: THE MOTION IS TO REMAND.

>> Mayor Bates: ANYONE WISH TO COMMENT?

OKAY, I THINK WE ARE -- COUNCILMEMBER CAPITELLI?

>> L. Capitelli: YES.

I JUST, SINCE IT SEEMS LIKE INEVITABLY WE'RE ON A COLLISION
COURSE HERE TO WIND UP IN COURT, IF I'M TO PREDICT ONE PATH,
I HOPE THAT -- IF WE DECIDE TO REMAND YOU TO THE ZAB THAT
WE'RE VERY CAREFUL IN TERMS OF MAKING FINDINGS THAT ARE
DEFENSIBLE.

AND WE KNOW THAT THERE WERE MANY REFERENCES TO HEALTH ISSUES
WHICH ARE NOT ISSUES THAT SHOULD BE TAKEN UNDER
CONSIDERATION.

I HOPE WE DO THAT.

ALSO, THERE ARE MANY ALLUSIONS TO COURT CASES THAT HAVE
CHANGED THE LANDSCAPE, SO TO SPEAK, THAT HAVE EMPOWERED
JURISDICTIONS WITH GREATER ABILITY TO DENY.


AND I WOULD HOPE THAT DURING THE NEXT FEW MONTHS THAT THE
ATTORNEY'S OFFICE WOULD REVIEW THE SUGGESTIONS MADE BY THE
NEIGHBORS IN TERMS OF THE COURT DECISIONS TO SEE IF, INDEED,
THEY HAVE GIVEN US MORE LATITUDE IN TERMS OF MAKING
DECISION.

>> Mayor Bates: LET ME ASK A PROCEDURAL QUESTION.

ASSUMING WE DECIDE THIS IS A COURSE OF ACTION WE MIGHT WANT
TO TAKE, WE CONTINUE THIS TO THE 12th OF JUNE, AS AN

EXAMPLE, AND THEN IT IS STILL POSSIBLE AT THAT POINT TO

REMAND?

>> M. Albuquerque: NO, YOU MUST ACT TONIGHT.

TO EITHER SET A HEARING --.

>> Mayor Bates: OKAY.

COUNCILMEMBER MAIO?

>> L. Maio: I HAVE A QUESTION.

I KNOW THAT THERE ARE A LOT OF ANTENNA PROPOSED IN THE SITE.

DID THE ISSUE OF THE DEGREES OF MAINTENANCE COME UP?

HOW LONG THEY WOULD BE STAYING, WHERE THEY WOULD BE PARKING

FOR MAINTENANCE OF THE ANTENNAS?

>> THERE WAS DISCUSSION OF THAT.

AND THE MAINTENANCE IS FAIRLY MINIMAL.

IT'S NOT LIKE THERE ARE TRUCKS COMING EVERY WEEK.

THE MAINTENANCE WAS NOT AN ISSUE AS FAR AS AN IMPACT ON THE

COMMUNITY.

>> L. Maio: WE DID HAVE AN ANALYSIS OF THE MAINTENANCE?

>> WE HAD A DISCUSSION OF WHAT KIND OF MAINTENANCE WAS


REQUIRED.

I CAN'T RECITE THAT OFF THE TOP OF MY HEAD.

THERE WAS DISCUSSION OF THAT.

>> L. Maio: I'M SORRY?

WAS THAT RELATED TO MAINTENANCE?

>> A LITTLE BIT.

THEY'RE ADDING AN INTERNAL PARKING SPACE INSIDE THE

BUILDING.

WHATEVER TRUCKS ARRIVE WILL ARRIVE AND PULL IN THE BUILDING.

THE EQUIPMENT IS INSIDE, SOME OF THE EQUIPMENT IS INSIDE THE

BUILDING.

IT IS NOT SOMETHING THAT BECAME A CONCERN FOR THE NEIGHBORS

THAT I WAS CONCERNED OF.

>> L. Maio: NOT TO THE NEIGHBORS, BUT SINCE THERE ARE A

LARGE NUMBER OF ANTENNA, I WAS WONDERING WHAT WE KNOW ABOUT

THE AMOUNT OF SERVICE THAT'S REQUIRED FOR THIS NUMBER OF

INSTALLATIONS.

>> IN MY EXPERIENCE THE AMOUNT OF SERVICE ON THESE

FACILITIES MIGHT AMOUNT TO A COUPLE, OR A FEW VEHICLE TRIPS

PER MONTH.

CERTAINLY NOT SOMETHING THAT TYPICALLY TRIGGERS ANY

SIGNIFICANT IMPACTS FROM A TRAFFIC PERSPECTIVE.

>> L. Maio: WHEN WE WERE CONSIDERING THE ANTENNA AT CEDAR

AND SHATTUCK, THAT WAS ABOUT, THAT WAS ONE ANTENNA, THAT WAS

ABOUT THE LEVEL OF SERVICE THAT WAS PREDICTED FOR THAT ONE

ANTENNA.


SO ARE WE TALKING ABOUT AN EXPONENTIAL INCREASE BECAUSE WE

HAVE SO MANY?

I HAVE NO IDEA.

>> AGAIN, AN ANALOGY THAT I WOULD USE, IS SOME OF OUR MIXED

USE PROJECTS THAT HAVE MUCH HIGHER TRAFFIC GENERATION RATES.

JUST DON'T TRIGGER ENVIRONMENTAL REVIEW BASED ON THOSE

NUMBER OF TRIPS.

EVEN IF THERE'S TEN TRIPS A MONTH, THAT'S NOT SOMETHING THAT

IS GOING TO TRIGGER ANY ADDITIONAL MITIGATION OR ANYTHING

ALONG THOSE LINES.

>> L. Maio: IF THIS DOES GET REMANDED I'D LIKE US TO LOOK

INTO THE LEVEL OF MAINTENANCE REQUIRED.

>> Mayor Bates: I'M WONDERING, ALSO, THE FEDERAL LAW ALLOWS

ONCE ONE COMPANY GETS ANTENNAS, OTHER COMPANIES CAN'T BE

DENIED ACCESS.

I BELIEVE THERE ARE AT LEAST ANOTHER THREE OR FOUR COMPANIES

THAT WOULD HAVE THE RIGHT TO COME ON TO THE BUILDING.

DID YOU LOOK AT THAT?

DID THE ZAB LOOK AT THAT?

>> D. Spring: THERE'S A NOISE ORDINANCE, THEY HAVE TO BE --

>> AT LEAST A NOISE ORDINANCE.

UNLESS THEY COME UP WITH QUIETER EQUIPMENT, OR PUT IT

INSIDE, THEY WOULD HIT THE NOISE LIMIT PRETTY QUICKLY.

>> Mayor Bates: I'M SORRY, YOU DID LOOK AT THE CONSIDERATION

OF HAVING ADDITIONAL ANTENNAS PLACED ON THE BUILDING?

IN OTHER WORDS ONCE THIS IS APPROVED, IF THIS IS APPROVED,


ANYBODY WHO HAS AN ANTENNA CANNOT -- WE CAN'T DENY THEM THE

RIGHT TO ADD NEW ANTENNAS.

DID YOU LOOK AT THAT?

>> ANY FUTURE CO-LOCATION OF ADDITIONAL ANTENNAS WOULD STILL

BE REQUIRED TO COMPLY WITH THE FEDERAL LAW, VIS-A-VIS

ELECTROMAGNETIC RADIATION.

THAT WOULD BE ADDRESSED.

IT WAS ADDRESSED FOR THESE TWO APPLICATIONS IN COMBINATION

AND WOULD HAVE TO BE ADDRESSED FOR NUT APPLICATIONS AS WELL

THAT.

GETS TO THE HEALTH ISSUE.

>> Mayor Bates: I'M SORRY, SO YOU -- I WANT TO KNOW, BECAUSE

THIS POTENTIAL, I DON'T KNOW, THERE'S AT LEAST THREE OTHER

COMPANIES, THERE MAY BE MORE, MAYBE SIX MORE COMPANIES, THAT

ALL PUT -- WE CAN'T DENY THEM THE OPPORTUNITY TO PUT THOSE

ON.

IF THE LANDLORD DECIDED THEY WANTED TO HAVE IT ON THEIR

FACILITY.

SO THE CUMULATIVE EFFECT OF THIS BECOMES SUBSTANTIALLY

GREATER.

I'M WONDERING DID THE ZAB LOOK AT THIS QUESTION, YES OR NO?

>> I DOUBT THEY LOOKED AT IT, THAT'S ACTUALLY NOT CORRECT.

THERE IS A STATE LAW THAT REQUIRES CO-LOCATION BUT ONLY IF

ENVIRONMENTAL REVIEW IS DONE.

THAT HASN'T BEEN DONE SO IT DOESN'T APPLY TO THIS SPOT.

OUR ORDINANCE ENCOURAGED CO-LOCATION TO MINIMIZE THE NUMBER


OF SECTOR CELL SITES.

>> Mayor Bates: YOU LOOKED AT THIS QUESTION, THEN.

YOU DIDN'T LOOK AT THIS QUESTION?

>> WE DIDN'T BELIEVE IT APPLIED IN THIS CASE.

AND THE NEXT ONE --

>> Mayor Bates: IT CERTAINLY IS A POSSIBILITY.

IT'S NOW THE STATE LAW.

COUNCILMEMBER WOZNIAK?

>> G. Wozniak: LOOK, I THINK WE KNOW, WE'VE HEARD STRONGLY

THE OPINIONS OF THE NEIGHBORS.

PEOPLE LOOKED AT THIS.

WHY DO WE WANT TO DUCK THIS ISSUE?

LET'S SET IT FOR A PUBLIC HEARING AND COME TO A VOTE,

SOMEBODY IS GOING TO APPEAL IT.

AND RATHER THAN SENDING IT BACK, WE REMANDED IT ONCE,

REMANDING IT A SECOND TIME DOESN'T SEEM TO MAKE SENSE.

IF WE'RE GOING TO GET SUED, LET'S MAKE OUR DECISION AND GET

SUED.

WE CAN PECK OUR CHOICES.

>> Mayor Bates: COUNCILMEMBER CAPITELLI?

>> L. Capitelli: I'D LIKE TO MAKE A COUPLE OF FRIENDLY

AMENDMENTS, I HOPE, TO THE MOTION.

I TRIED TO MAKE THIS AS SUCCINCT AS POSSIBLE, COUNCILMEMBER

WORTHINGTON, BUT I'M NOT REALLY GOOD AT IT SOMETIMES.

NUMBER ONE, THAT THE ZAB CONSIDER NEW EVIDENCE THAT HAS COME

TO LIGHT SINCE THE ZAB DECISION.


IN DEVELOPING THEIR FINDINGS.

THAT'S NUMBER ONE.

NUMBER TWO, THE STAFF REVIEW AND REPORT TO THE ZAB AND THE

COUNCIL REGARDING ANY RECENT COURT DECISIONS BROADENING

DISCRETIONARY REVIEW OF CELL PHONE LOCATIONS BY

JURISDICTIONS SUCH AS OURS.

>> Mayor Bates: DOES THE MAKER OF THE MOTION ACCEPT?

>> K. Worthington: NUMBER ONE, I THINK, IS GREAT.

AND I ACCEPT THAT AS A FRIENDLY AMENDMENT.

NUMBER TWO, COULD WE SHORTEN THAT TO SAY THAT ZAB WILL

REVIEW AND REPORT ANY NEW LEGAL INFORMATION?

THAT MAKES IT A LITTLE SHORTER.

>> Mayor Bates: RESTATE THAT, PLEASE.

>> K. Worthington: I WOULD ACCEPT THOSE TWO AMENDMENTS.

>> D. Moore: AND THE SECONDER WILL AS WELL.

>> K. Worthington: I ACCEPT THOSE TWO FRIENDLY AMENDMENTS.

>> Mayor Bates: DID YOU ACCEPT THE SECOND?

>> D. Moore: YES.

I HAVE A QUESTION REGARDING CO-LOCATION.

IF A LOCATION HAD ONE CELL PHONE TOWER, AND SOMEONE WANTED

TO PUT ANOTHER ONE UP THERE, IS THAT CONSIDERED CO-LOCATION?

>> YES.

>> D. Moore: IN ESSENCE, I MEAN, THE THRESHOLD FOR

CO-LOCATION IS, IT'S SO MINIMAL THAT, I MEAN HERE WE'RE

TALKING ABOUT 12, 11 OR 12, 13 ANTENNAS.

IN A SENSE, IF THERE HAD BEEN ONE THERE BEFORE, THIS IS


CO-LOCATION.

>> YES.

BUT ANY GIVEN ANTENNA ARRAY, WHICH IS ONE PROVIDER, HAS UP

TO NINE ANTENNAS FOR THAT ONE PROVIDER.

I THINK THE TROUBLE HERE IS EACH PROVIDER HAS SIX ANTENNAS.

TWO ANTENNAS FACE ONE DIRECTION, TWO ANOTHER AND TWO

ANOTHER.

EACH PROVIDER WOULD HAVE APPROXIMATELY SIX ANTENNAS AS A

PART OF THEIR ANTENNAS ARRAY.

>> D. Moore: THEREFORE ANY ADDITIONAL PROVIDERS THAT WANTED

TO PUT ANTENNAS THERE WOULD HAVE A READY MADE SMOOTH SAILING

INTO PUTTING AS MANY THERE AS THEY WANTED?

>> AS RECOMMENDED BY THE ZONING ORDINANCE.

>> Mayor Bates: THAT'S STATE LAW.

COUNCILMEMBER MAIO?

>> I. Maio: I HAVE ANOTHER QUESTION WILL CO-LOCATION, IT

BOILS DOWN TO HOW MUCH IS TOO MUCH.

IT LOOKS LIKE WE HAVE AN OPEN-ENDED, AS MANY AS MANY,

BECAUSE WE SAID IN THIS ORDINANCE THAT WE WANTED THEM TO

CO-LOCATE.

HOW DO WE GET TO SOME THRESHOLD, WITH SOME BASIS WHERE WE

BASICALLY -- IT'S NOT JUST SHOOT FOR THE MOON.

>> THERE'S TWO ANSWERS.

ONE IS THAT THEY DO RUN INTO TECHNICAL PROBLEMS AT SOME

POINT WITH INTERFERENCE.

SO THAT IS SORT OF A NATURAL LIMIT.


BUT THE MORE IMPORTANT ONE IS CO-LOCATION FACILITIES STILL

TO HAVE COMPLY WITH THE ORDINANCE, THEY HAVE TO GET A USE

PERMIT, THEY STILL HAVE TO COMPLY WITH FEDERAL REGULATIONS

ON ELECTROMAGNETIC RADIO FREQUENCY EMISSIONS.

I THINK THE ASSUMPTION IS REALLY NOT CORRECT.

THAT'S WHY THE ORDINANCE THAT THE COUNCIL ADOPTED ENCOURAGES

CO-LOCATION TO THE EXTENT IT'S FEASIBLE.

IT'S BETTER THAN HAVING LOTS OF SITES ALL OVER THE PLACE.

>> L. Maio: I UNDERSTAND THAT WAS OUR ORIGINAL MOTIVATION.

EVEN IF THEY CAM TO YOU AND APPLIED FOR THE PERMIT AND PAID

THOSE EXORBITANT FEES YOU WOULD HAVE NO BASIS TO SAY THAT'S

JUST TOO MANY.

RIGHT NOW, IT'S JUST WHATEVER THEIR PARAMETERS ARE.

THEY CAN DETERMINE WHAT IS TOO MANY.

SO WHAT IS TOO MANY?

>> AGAIN, THE PREMISE IS INCORRECT.

FIRST OF ALL, AS MS. SANDERSON EXPLAINED, THEY HAVE TO

COMPLY WITH THE NOISE ORDINANCE.

>> L. Maio: NOISE IS ONE.

ARE WE CLOSE TO THE FRESH HOLD ON THIS SITE?

>> THAT DEPENDS ON THE EQUIPMENT.

THEY HAVE TWO BATCHES OF EQUIPMENT.

RIGHT NOW, THE WAY IT LOOKS, THEY COULD ADD MAYBE TWO MORE.

BUT THAT WOULD BE IT.

>> L. Maio: ONE PROVIDER COULD ADD TWO MORE?

>> ONE OF THE PREVIOUS SITES WE HAVE, WHICH IS ON THE CHURCH

DOWN ON ADELINE, THEY HAVE THREE PROVIDERS THERE AT THE

LIMIT.

UNLESS ONE OF THOSE PROVIDERS TAKES OUT HIS EQUIPMENT AND

REPLACES IT WITH SOMETHING THAT IS AMAZINGLY QUIET, THEY ARE

AT THE LIMIT.

OF THE NOISE ORDINANCE.

EQUIPMENT CHANGES OVER TIME.

IF THEY KEEP USING THE SAME KIND OF EQUIPMENT, THREE IS

ABOUT ALL YOU CAN GET ON THE SITE.

UNTIL YOU HIT THE NOISE ORDINANCE.

IF THEY DEVELOP SOME AMAZINGLY QUIET EQUIPMENT, THEY MIGHT

BE ABLE TO GET MORE.

RIGHT NOW, IT'S ABOUT THREE.

>> L. Maio: SO THE NOISE ORDINANCE DOES IT.

AS WE REFER THIS, THESE PROVISIONS THAT COUNCILMEMBER

CAPITELLI ADDED TO COUNCILMEMBER WORTHINGTON'S MOTION, THERE

ARE A NUMBER OF PROVIDERS, CUSTOMERS IN HERE WHO SEEM TO BE

HAVING SERVICE PROBLEMS IN NORTH BERKELEY.

I THINK WE HAVE TO ASK THE ZAB TO LOOK AT JUST WHAT THIS --

THESE COVERAGE ISSUES ARE, AS THEY LOOK AT THIS NEW

INFORMATION THAT YOU HAVE REFERRED TO THEM.

>> Mayor Bates: OKAY.

I THINK WE HAVE -- WE KNOW THE ISSUES.

WE HAVE A SUBSTITUTE MOTION TO REMAND THIS BACK TO THE ZAB.

WITH THOSE PROVISIONS, AMENDMENTS AS WE HEARD.

>> REVIEW AND REPORT ANY NEW LEGAL EVIDENCE.


AND REVIEW ALL NEW EVIDENCE PERTAINING TO THIS.

>> PRECEDENTS.

>> L. Maio: NEW TESTIMONY.

NEW TESTIMONY.

>> THAT WAS NUMBER ONE.

>> L. Maio: I THOUGHT NUMBER ONE WAS LEGAL ISSUES.

HAVE.

>> THAT WAS NUMBER TWO.

>> REVIEW ALL NEW EVIDENCE, IS NUMBER ONE.

>> L. Maio: THANK YOU.

>> Mayor Bates: ON THE MOTION AS AMENDED.

>> MAIO.

>> YES.

>> MOORE.

ANDERSON?

>> YES.

>> SPRING?

>> YES.

>> CAPITELLI?

>> YES.

>> OLDS?

>> NO.

>> WORTHINGTON.

>> YES.

>> WOZNIAK.

>> NO.


>> MAYOR BATES.

>> Mayor Bates: YES.

>> Clerk: MOTION PASSES.

>> Mayor Bates: COUNCILMEMBER MOORE I DIDN'T HEAR YOUR VOTE?

>> D. Moore: YES.

>> Mayor Bates: IT'S REMANDED.

FOR BETTER OR WORSE.

SO WE'RE MOVING TO THE NEXT ONE, WHICH IS ---

>> CAN I MAKE ANOTHER MOTION ON THIS ITEM BEFORE WE LEAVE

IT?

THAT AS SOON AS THE ZONING BOARD MAKES UP ITS MIND ONE WAY

OR THE OTHER THAT STAFF PLACES THIS IMMEDIATELY ON THE CITY

COUNCIL AGENDA TO EXPEDITE THE PROCESS.

>> IT HAS TO BE APPEALED FIRST.

>> K. Worthington: I'M ASKING THAT YOU PLACE IT ON OUR
AGENDA, IN ORDER TO EXPEDITE -- BECAUSE THIS HAS TAKEN A
WHILE, ONCE THEY'VE MADE A DECISION, I BELIEVE, WE CAN
LEGALLY PLACE IT ON THE AGENDA.

>> YOU CAN CERTIFY IT, I BELIEVE, WITHIN THE APPEAL PERIOD.
SO WE WOULD HAVE TO ISSUE THE NOTICE OF DETERMINATION, THEN
WITHIN THAT APPEAL PERIOD IT CAN BE CERTIFIED.

>> K. Worthington: THAT'S BY MOTION.

>> B. Olds: WHY CAN'T THAT BE A STATEMENT?

>> THE COUNCILMEMBER CAN DO THAT AS WELL.

>> K. Worthington: I'M REQUESTING STAFF THAT TO DO THAT,
ONCE WE GET THE OFFICIAL DETERMINATION.


>> Mayor Bates: IS THERE A SECOND?

>> SECOND.

>> Mayor Bates: OKAY.
THAT WOULD EXPEDITE THAT, WOULDN'T HAVE TO PARTICIPATE UNTIL
THE END OF THE APPEAL PERIOD.
CALL THE ROLL.

>> STAFF GOES TO COUNCIL IMMEDIATELY AFTER THE ZAB DECISION?

>> Mayor Bates: THE STAFF BE INSTRUCTED TO PLACE IN THE
COUNCIL AGENDA THE DECISION REACHED BY THE ZAB ON THIS
MATTER.

>> M. Albuquerque: SO THAT THE COUNCIL CAN SET IT FOR
HEARING.

>> ARE WE GOING TO VOTE ON 28 AND 29 TOGETHER?

>> Mayor Bates: WE DID VOTE ON BOTH.

SORRY.

>> OKAY.

MAIO.

>> YES.

>> MOORE.

>> YES.

>> ANDERSON.

>> YES.

>> SPRING.

>> YES.

>> CAPITELLI.

>> YES.


>> OLDS.

>> ABSTAIN.

>> WORTHINGTON.

>> YES.

>> WOZNIAK.

>> YES.

>> MAYOR BATES.

>>> YES.

ITEM NUMBER 30.

MOVING ALONG HERE AT A SNAIL'S PACE.

ITEM NUMBER 30 IS AN APPEAL OF 1885 UNIVERSITY AVENUE.

AS YOU KNOW, WE'LL GIVE FIVEMENTS TO EACH SIDE, TO HEAR

WHETHER OR NOT WE SHOULD HEAR THIS ITEM OR NOT.