# EXHIBIT W

Case 4:07-cv-04034-WDB    Document 8-24    Filed 10/02/2007    Page 1 of 3

CITY OF BERKELEY
CITY CLERK DEPT

07 JUL 13 PM 4: 35

**MACKENZIE & ALBRITTON LLP**
ONE POST STREET, SUITE 500
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE 415 / 288-4000
FACSIMILE 415 / 288-4010
SENDER'S EMAIL: PALBRITTON@MALLP.COM

July 13, 2007

**HAND DELIVERED**

Hon. Tom Bates, Mayor
and Members of the City Council
c/o City Clerk, City of Berkeley
2180 Milvia Street, First Floor
Berkeley, CA 94704

Re:  Appeal of Zoning Adjustments Board denial of Use Permit No. 05-10000033
     (Verizon Wireless Facility, 2721 Shattuck Avenue)

Dear Mayor Bates and Council Members:

We write to you on behalf of our client Verizon Wireless ("VZW") with respect to the decision of the Zoning Adjustments Board ("ZAB") at its hearing on June 28, 2007, to deny our client's use permit application for the location referenced above. At your hearing on May 22, 2007, you remanded the application to the ZAB, with instructions to return the ZAB's decision for final action by the Council. Pursuant to your instructions, the ZAB's decision is on your agenda for July 16, 2007. Since you will already be reviewing the ZAB's decision, we do not believe there is any need for an appeal. The City Attorney, however, has advised us that it may be advisable to file an appeal. To the extent that an appeal is required in order to protect our client's rights, this letter will constitute VZW's notice of appeal.

The ZAB denied our client's application based on the following findings:

1. The Board found [sic] finds it is unable to make the required finding, based on substantial evidence, that the proposed wireless telecommunication facility is necessary to provide personal wireless service in the coverage area (BMC 23.C.17.100.D), since service is currently being provided and since no evidence has been presented that the existing service is not at an adequate level; and

2. The Board finds that the asserted gaps (dropped calls) of 1 - 3% for a few hours a day do not constitute "significant gaps" but are, rather, *de minimus* [sic]; and

3. The Board finds that the location is effectively in a residential area and that the objective of the ordinance is to prevent putting wireless telecommunication facilities in residential areas unless necessary to provide service (BMC.23.C.17.020.B). The Board finds no such necessity; and

4. The Board finds that the City of Berkeley is in compliance with federal law in denying this Use Permit for wireless telecommunication facility at this location because to do so does not "prohibit or have the effect of prohibiting the provision of personal wireless services to this service area." Wireless service exists with no significant gap; the asserted gaps are *de minimus* [sic].

Mayor Bates and Council Members
July 13, 2007
Page 2 of 2

The ZAB's findings are unsupported by any substantial evidence, for the following reasons:

- As the City's planning staff and third-party engineer have repeatedly concluded, this site is needed in order to address limited capacity at existing sites, and the presence of existing service is simply not relevant.

- Substantial evidence in the record (including the City's consulting engineer's supplemental opinion) confirms that existing service is inadequate to provide in-building coverage in certain large commercial and institutional buildings.

- The statement that 1-3% dropped calls is acceptable is both legally and factually unsupportable. First, the City has no legal authority to determine what level of service is adequate. Secondly, while the City's consulting engineer relied on proprietary data demonstrating "a high increase of dropped calls on the south end of the UC Berkeley campus and north and west of the proposed Berkeley Bekins location," neither that report nor any other evidence in the record mentions the figure 1-3% (or any other specific levels) of dropped calls.

- Even if existing service were fully adequate (which is not the case), the ZAB's finding ignores the reality that even after zoning approval, it will take several more months to obtain building permits, complete construction and begin providing service from the facility. This is documented by the previously submitted statement of Verizon Wireless's planning consultant Cal Com Systems.[1] The ZAB does not dispute the findings of the City's consulting engineer that the capacity of the surrounding Verizon Wireless sites will be exhausted starting in January 2008.

Given this reality, it is imperative that our client obtain final approval of this facility as soon as possible. We therefore ask that you act expeditiously to reverse the ZAB's unsupportable denial at the earliest possible date. In making this request, we are reserving all of our client's rights with respect to the prolonged and unreasonable delay that has already occurred in the processing of this application.

Very truly yours,

Paul B. Albritton

cc (via email only):

Zachary Cowan, Esq. (Deputy City Attorney)
Ed McGah, Esq.
Henry Weissmann, Esq.
Peter Maushardt
James Singleton

---

[1] Attachment 3, Mackenzie & Albritton LLP January 2, 2007 letter to the Zoning Adjustment Board