# EXHIBIT AA

## Chapter 23B.32 USE PERMITS

Section 23B.32.010 Use Permits Issued by the Zoning Adjustments Board

Section 23B.32.020 Public Notice Requirements

Section 23B.32.030 Public Hearing and Action

Section 23B.32.040 Findings for Issuance and Denial and Conditions

Section 23B.32.050 Notice of Decision and Appeal

Section 23B.32.060 City Council Consideration and Action on Appeals

Section 23B.32.070 Board Action on Remand

Section 23B.32.080 Council Public Hearing

Section 23B.32.090 Certification of Use Permits by City Council

### Section 23B.32.010 Use Permits Issued by the Zoning Adjustments Board

Any Use Permit which cannot be issued by the Zoning Officer may be approved by the Board after a public hearing or by the Council if the Board's decision is appealed. (Ord. 6478-NS § 4 (part), 1999)

### Section 23B.32.020 Public Notice Requirements

Prior to the Board's consideration of any Use Permit, a notice of the public hearing on the matter shall be given as described herein:

A. The Zoning Officer shall prepare a Notice of Public Hearing containing information on the proposed construction or use, for each Use Permit application to be considered by the Board including the following information:

1. A written summary of the project;

2. The number of Dwelling Units or square feet of gross floor area; and

3. Attachments or other information that, in the judgment of the Zoning Officer, are necessary to describe and illustrate the application.

B. The notice shall also include the environmental review status under the California Environmental Quality Act (CEQA), directions on how to obtain further information, the location and times in which the application may be reviewed by the public, how to submit written comments and information on the time and location of the public hearing.

C. A Notice of Public Hearing shall be posted at three visible locations in the vicinity of the subject property, and at a bulletin board at the Zoning Counter, not fewer than 14 days prior to the hearing; except that the time period for posting the notice may be either for a longer time period when required by state law or extended by the Zoning Officer and/or Board to a maximum of 30 days for applications of major significance.

D. The Notice of Public Hearing shall also be mailed, not fewer than 14 days prior to the hearing, to:

1. Neighborhood and community organizations listed in the registry of neighborhood/community organizations within whose expressed area of interest the project falls;

2. The owners of properties and residents in the affected area; and

3. The Main Library.

E. For purposes of Paragraph 2 above, the affected area shall consist of, at the minimum, the owners and residents of the abutting and confronting properties, and any other person who has filed a written request for notice, except that when the proposed project or use may have effects to a larger area, the Zoning Officer may include a larger area beyond abutting and confronting properties; and, that in the case of the construction or demolition of one or more Dwelling Units, such area shall include all owners of properties, and residents within 300 feet on the same street or streets, including the abutting properties to the rear or within a 300 foot radius of the subject property, whichever will provide adequate coverage in a given case. In cases of relocated buildings, notice shall be given to property owners and residents within a 300 foot radius of both the Source and Receiving Lots. The Board or Council may enlarge the area of notice when it deems it appropriate.

F. The time period for mailing the notice may be for a longer time period when required by state law or extended by the Zoning Officer and/or Board for applications of major significance, except that the Zoning Officer or Board may only extend it to a maximum of 30 days.

G. The validity of the proceedings, however, shall not be affected by the failure of any property owner, resident or neighborhood or community organization to receive such mailed notice. (Ord. 6478-NS § 4 (part), 1999)

### Section 23B.32.030 Public Hearing and Action

Each hearing shall be open to the public, which shall be given the opportunity to present their views and to be heard in accordance with established procedures. A quorum of the Board as defined in Section 23B.04.020.A must be present to take an action. Any public hearing may be continued from time to time, but not beyond the time limits for reviewing applications established by State law. After the Board has conducted a public hearing, it shall either approve, modify, deny the application or refer it to a mediation or conflict resolution service. If the application is referred to mediation, it must return to the Board for action. (Ord. 6478-NS § 4 (part), 1999)

**Section 23B.32.040 Findings for Issuance and Denial and Conditions**

A. The Board may approve an application for a Use Permit, either as submitted or as modified, only upon finding that the establishment, maintenance or operation of the use, or the construction of a building, structure or addition thereto, under the circumstances of the particular case existing at the time at which the application is granted, will not be detrimental to the health, safety, peace, morals, comfort or general welfare of persons residing or working in the area or neighborhood of such proposed use or be detrimental or injurious to property and improvements of the adjacent properties, the surrounding area or neighborhood or to the general welfare of the City.

B. Prior to approving any Use Permit the Board must also make any other findings required by either the general or District regulations applicable to that particular Use Permit.

C. The Board shall deny an application for a Use Permit if it determines that it is unable to make any of the required findings, in which case it shall state the reasons for that determination.

D. The Board may attach such conditions to any Use Permit as it deems reasonable or necessary to achieve the purposes of this Ordinance, and which otherwise promote the municipal health, safety and welfare. (Ord. 6478-NS § 4 (part), 1999)

### Section 23B.32.050 Notice of Decision and Appeal

A. After the Board takes an action to either approve, modify or deny an application for a Use Permit, and before the Board's next regular meeting, the Zoning Officer shall issue a Notice of Decision describing the Board's action, with its findings and applicable conditions.

B. The Zoning Officer shall mail the notice to the applicant at the mailing address stated in the application and to any person who requests such notification by filing a written request with the Zoning Officer on or before the date of the Board action, and shall also file a copy of the notice with the City Clerk. In addition, the notice shall be forwarded to the Zoning Adjustments Board and to the Main Library. The notice shall also be posted at a bulletin board at the Zoning Counter. The City Clerk shall make the notice available to interested members of the Council and the public.

C. Any person or entity aggrieved by a decision of the Board may appeal the decision to the Council by filing one copy of a written appeal with the City Clerk within 14 days after the mailing of the Notice of Decision.

1. The appeal shall clearly and concisely set forth the grounds upon which it is based. Fees for the appeal, as set by Resolution of the Council, shall be paid by the appellant.

2. If a ground of the appeal is that the Board's action constituted a taking of the subject property or any part thereof under the California or United States Constitutions, that ground and all evidence (including specific financial data and analyses, if any) and argument in support thereof shall be clearly stated as a separate ground of the appeal, or it shall be waived. If specific evidence is not presented as part of the appeal, the takings claim shall be waived, and appellant shall be deemed to have waived any claim to sworn testimony and cross-examination. This requirement shall apply to appeals on the ground that the Board's decision or any condition imposed by the Board denied the applicant any reasonable economic use of the subject property, was not sufficiently related to a legitimate public purpose, was not sufficiently proportional to any impact of the project, or for any other reason constituted a taking of property for public use without just compensation.

D. If a timely appeal is made by the applicant, the City Clerk shall forward a copy of the written appeal to the Zoning Officer. If the appeal is made by someone other than the applicant, the Clerk shall forward a copy of the written appeal to the applicant and a copy to the Zoning Officer.

E. Whenever a decision of the Board is inconsistent with a decision of the Landmarks Preservation Commission under Sections 3.24.200 through 3.24.240 with respect to the same project, the inconsistent decisions shall operate as a denial of that project. In such cases, if the applicant files an appeal as set forth in this section, the Council shall set the matter for hearing at the earliest feasible date after the later of the Board's action or the Landmarks Preservation Commission's action. No fee may be charged for appeals under this subsection. (Ord. 6939-NS § 2 (part), 2006; Ord. 6795-NS § 1 (part), 2004: Ord. 6478-NS § 4 (part), 1999)

## Section 23B.32.060 City Council Consideration and Action on Appeals

A. The City Clerk shall provide the Council with the written appeal or appeals and shall schedule the matter before the Council in consultation with the Zoning Officer. The Zoning Officer shall forward the documents constituting the record on the matter to the Council. These shall include: copies of the Notice of Decision, indicating the Board's vote, and the findings and conditions approved by the Board; the Public Hearing notice; any and all reports made by the Zoning Officer to the Board; correspondence and letters received both by the Board or the Council submitted during the appeal process; and the Use Permit application and attachments. In the case of construction projects, the Zoning Officer shall also prepare a description in tabular form of the project as approved by the Board.

B. The Council shall review the action of the Board and may take one of the following three actions:

1. If the Council determines that the facts ascertainable from the record prepared by the Zoning Officer do not warrant further hearing, the Council shall affirm the decision of the Board and dismiss the appeal, in which case the application is approved, and the Zoning Officer shall issue the Use Permit;

2. If the Council determines that the facts ascertainable from the record prepared by the Zoning Officer warrant further hearing, the Council shall set the matter for a public hearing;

3. If the Council determines that the facts ascertainable from the record prepared by the Zoning Officer warrant reconsideration of the application by the Board or if the applicant has submitted revisions to the application, the Council shall remand the matter to the Board to reconsider the application, in which case it shall specify whether or not the Board shall hold a new public hearing, and shall identify those issues which the Board is directed to reconsider.

C. If none of the three actions described above has been taken by the Council within 30 days from the date the appeal first appears on the Council agenda, then the decision of the Board shall be deemed affirmed and the appeal shall be deemed denied.

D. In determining whether or not to set an appeal for a public hearing under this section, the Council may consider written correspondence concerning the appeal that is submitted after the appeal is filed, as well as any other information or evidence permitted under the Council Rules of Procedure.

E. The Council may require that testimony be under oath and subject to cross-examination by the appellant and the City Manager or his/her designee. (Ord. 6844-NS § 2 (part), 2005: Ord. 6795-NS § 2 (part), 2004: Ord. 6478-NS § 4 (part), 1999)

### Section 23B.32.070 Board Action on Remand

A. If the Council directs the Board to hold a new public hearing, the Board shall hold a new noticed public hearing on the matter and make a decision which may be appealed to the Council in the normal manner, unless otherwise directed by the Council. In such cases if an appeal is filed solely by the applicant, the fees for the public hearing, as set by Council Resolution, shall be paid by the applicant.

B. If the Board does not act within 90 days of the date an appeal is remanded to it by the Council, then the original appeal of the Board's decision shall be placed back on the Council agenda in the same manner as a new appeal. (Ord. 6478-NS § 4 (part), 1999)

### Section 23B.32.080 Council Public Hearing

A.  If the Council sets the appeal for a hearing, the City Clerk shall give notice of the time and place of said hearing in the same manner and to the same recipients as for the Board hearing.

B.  The public hearing shall commence no later than 60 days from the date when the vote for a hearing is taken, unless, upon the request of the applicant and the appellant, the Council establishes a later date for the hearing.

C.  Before the hearing, the Zoning Officer shall make a report to the Council on the Board's original action, including the issues raised at the original public hearing. Each hearing shall be open to the public, which shall be given the opportunity to present their views and to be heard in accordance with established procedures. After opening the public hearing on the appeal, the Council may either continue the public hearing from time to time or take an action, based on the record of the Council's consideration and hearing, to reverse or affirm, wholly or partly, or modify any decision, determination, condition or requirement of the Board's original action.

D.  If the Council makes all of the findings required for the Permit before it and determines to grant the application, the City Clerk shall prepare a resolution reflecting the Council action and the Use Permit shall be issued forthwith.

E.  When reviewing any decision of the Board on appeal, the Council shall use the same standards for decision making and is required to make the same findings as the Board with respect to the matter on appeal. The Council may adopt the Board's decision and findings as its own. In either case, the City Clerk shall prepare a resolution stating the Council's decision.

F.  If the disposition of the appeal has not been determined within 30 days from the date the public hearing was closed by the Council, then the decision of the Board shall be deemed affirmed and the appeal deemed denied.

G.  The Council's action on the appeal shall be final. (Ord. 6478-NS § 4 (part), 1999)

### Section 23B.32.090 Certification of Use Permits by City Council

The Council may certify for its review any action of the Board granting or denying a Use Permit within 14 days from the mailing of the Notice of Decision of that action. Such certification to the Council shall stay all proceedings in the same manner as the filing of a timely appeal. Certification shall not require any statement of reasons therefor, and shall not represent opposition to or support of an application. (Ord. 6478-NS § 4 (part), 1999)