HENRY WEISSMANN (SBN 132418)
Henry.Weissmann@mto.com
MARC BECKER (SBN 138872)
Marc.Becker@mto.com
BRADLEY R. SCHNEIDER (SBN 235296)
Bradley.Schneider@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702


MACKENZIE & ALBRITTON LLP
JAMES A. HEARD (SBN 114940)
jheard@mallp.com
One Post Street, Suite 500
San Francisco, California  94104
Telephone:  (415) 288-4000
Facsimile:  (415) 288 4010

Attorneys for Plaintiff
GTE MOBILNET OF CALIFORNIA LIMITED
PARTNERSHIP, A CALIFORNIA LIMITED
PARTNERSHIP D/B/A VERIZON WIRELESS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GTE MOBILNET OF CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership d/b/a VERIZON WIRELESS,<br><br>        Plaintiff,<br><br>   vs.<br><br>CITY OF BERKELEY,<br><br>        Defendant. | CASE NO. C 07-04034 SBA<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT II OF THE COMPLAINT**<br><br>**DATE: December 18, 2007<br>TIME:  1:00 p.m.** |

**ORDER**

Presently before the Court is Plaintiff GTE Mobilnet of California Limited Partnership d/b/a Verizon Wireless motion for partial summary judgment on Claim II of the Complaint. Verizon Wireless's second claim for relief alleges that the defendant City of Berkeley ("City") violated the federal Communications Act ("Act"), 47 U.S.C. § 151 *et seq.*, by failing to act on its application for a conditional use permit to construct a wireless communications facility within a reasonable period of time. *See* 47 U.S.C. § 332(c)(7)(B)(ii). For the reasons that follow, the motion for partial summary judgment is granted.

**BACKGROUND**

The following facts are not disputed by the parties. On March 8, 2005, Verizon Wireless applied for a conditional use permit to install a wireless communication facility at 2721 Shattuck Avenue, in Berkeley. Declaration of Paul A. Albritton in Support of Plaintiff's Motion for Partial Summary Judgment on Count II of the Complaint ("Albritton Decl.") ¶ 2, Ex. A. This property is in a commercial zone, with other commercial uses on three sides. *Id.* ¶ 12, Ex. K at 139. It is currently occupied by a four-story building used as a moving and mini-storage warehouse. *Id.* ¶ 12, Ex. K at 139. The facility was formerly operated by Bekins, and the site is referred to in the administrative record as the "Bekins Site." For that reason, although the building is now owned by a different entity, the parties refer to Verizon Wireless's proposed facility as the "Bekins Facility" and to Verizon Wireless's application as the "Bekins Application." The Court will use the same terminology in this Order.

The City determined the Bekins Application was complete as of April 7, 2005. *Id.* ¶ 12, Ex. K at 138. The City also determined that the proposed wireless facility was categorically exempt from environmental review under the California Environmental Quality Act ("CEQA").[1] *Id.* Based on these determinations, the deadline for granting or denying the Bekins Application under the California Permit Streamlining Act ("PSA")[2] was June 6, 2005. *Id.*

On April 13, 2005, and again on May 23, 2005, Verizon Wireless sent emails to

---
[1] *See* Cal. Pub. Res. Code §§ 21000 *et seq.*

[2] *See* Cal. Govt. Code §§ 65920 *et seq.*

1   the Berkeley City Planning Department, inquiring as to the status of the Bekins Application.  The
2   City did not respond to either email.  Declaration of Linda C. Spranz in Support of Plaintiff's
3   Motion for Partial Summary Judgment on Count II of the Complaint ("Spranz Decl.") ¶¶ 2-3 Ex.
4   A-B.  The June 6, 2005 Permit Streamlining Act deadline passed without any action by the City.
5   *Id*. ¶ 4.  On June 8, 2005, Verizon Wireless sent another email to the Berkeley Planning
6   Department, noting that it had not received any response to its previous inquiries and that, while
7   the company was sympathetic to the City's "staffing issues and heavy workloads," it considered
8   "no response in over 90 days [] excessive and in violation of the Permit Streamlining Act."  *Id*. ¶
9   4, Ex. C.

10           Later that month, Plaintiff finally began discussions with a City planner regarding
11  scheduling hearings on the Bekins Application before the Design Review Committee ("DRC")
12  and the Zoning Adjustment Board ("ZAB").  *Id*. ¶ 5, Ex. D.  The DRC conditionally approved
13  Plaintiff's application on July 21, 2005.  Albritton Decl. ¶ 3, Ex. B at 60.  The ZAB, however, did
14  not hold a hearing on the Bekins Application until May 25, 2006, nearly a year after the PSA
15  deadline for making a final decision.  *Id*. ¶ 5, Ex. D at 97.  At the hearing, consistent with the
16  recommendation of the City's staff, the ZAB approved the application by a vote of 8-0, with one
17  abstention.  *Id*. ¶¶ 4- 5, Ex. C, D.

18           On June 19, 2006, a neighbor appealed the ZAB's decision to the Berkeley City
19  Council.  *Id*. ¶ 6 Ex. E at 106-7.  Among other things, the neighbor claimed that the City should
20  retain independent engineers to determine whether the facility was necessary.  *Id*. ¶ 6, Ex. E at
21  106.  Verizon Wireless sent the Council a letter responding to this appeal, which argued that the
22  request for a third-party engineer was both untimely under the City's zoning ordinance and
23  unwarranted.  *Id*. ¶ 7, Ex. F at 108-10.

24           The appeal was scheduled for a City Council meeting on September 26, 2006.  *Id*.
25  ¶ 8, Ex. G.  In a report prepared for that meeting, City staff agreed with Verizon Wireless that
26  third party engineer review was unnecessary.  *Id*. at 118.  The staff report also addressed each of
27  the other grounds for the appeal, concluded that they were unfounded, and recommended
28  affirming the ZAB and dismissing the appeal.  *Id*. at 117-21.

1       At the conclusion of the September 26, 2006, meeting, the Council voted in favor
2  of third party engineering review. *Id*. ¶ 9, at 125-26. Over Verizon Wireless's objection, the City
3  retained (at Verizon Wireless's expense) an independent engineering firm, RCC Consultants, Inc.,
4  which found that the Bekins site was necessary. *Id*. ¶ 12, Ex. J at 135.

5       On January 25, 2007, the ZAB considered the Bekins application for the second
6  time. *Id*. ¶ 12, Ex. K at 135. In a report prepared for this meeting, City staff recommended that
7  the application be approved. *Id*. at 149. At the hearing, the independent engineer stated that
8  Verizon Wireless's data "indicated the facility was needed" and that he did not conduct
9  independent field testing because the Bekins Facility was primarily needed to increase capacity
10 (for which field testing was not relevant), not to increase coverage. *Id*. ¶ 16, Ex. O at 203.

11      Despite the engineer's findings, the ZAB voted to deny the application, declaring
12 that there was not "substantial evidence": (1) that the facility was "necessary," since the third
13 party engineer's study was based on data provided by Verizon Wireless and did not include field
14 tests of signal strength; and (2) that the facility could not be located in an alternative location
15 further away from residential districts. *Id*. ¶ 13, Ex. L at 164. On February 20, 2007, Verizon
16 Wireless appealed the ZAB's decision to the City Council. *Id*. ¶ 14, Ex. M.

17      It took two meetings for the Council to decide whether to hold a public hearing on
18 Verizon Wireless's appeal.[3] In a report prepared for the first meeting, on May 8, 2007, City staff
19 reiterated that the Bekins Application met all requirements for approval, and rejected the ZAB's
20 stated reasons for denial. *Id*. ¶ 16, Ex O at 204-07. The staff report recommended that the
21 Council schedule a public hearing to occur no later than July 10, 2007. *Id*. at 199.

22      Had the Council voted at the May 8, 2007, meeting to set a public hearing, the
23 Council would have been required to schedule it within 60 days. BZC § 23B.32.080(B). Instead,
24 the Council continued the meeting to May 22, 2007. *Id*. ¶ 17, Ex. P at 218. At the continued

---

[3] Under the City's zoning ordinance, the Council could not simply reverse the ZAB without another public hearing, but was required to choose among the following three options: (i) affirm the decision of the ZAB and dismiss the appeal; (ii) set the matter for a public hearing before the Council; or (iii) remand the matter to the ZAB to reconsider the application. *See* Berkeley Zoning Code ("BZC") § 23B.32.060.

1    meeting on May 22, 2007, Verizon Wireless's counsel asked that the Council resolve the appeal
2    as quickly as possible, specifically requesting a public hearing at one of the Council's four
3    scheduled meetings in June or July.  *Id*. ¶ 20.  He also stated that, if the City Council agreed with
4    the ZAB, it should simply affirm the ZAB's denial rather than schedule more hearings.  *Id*.

5            The City Attorney also spoke at this hearing and advised the Council that
6    remanding the matter or setting a public hearing past July would constitute unreasonable delay.
7    *Id*. ¶ 21.  She also advised that the Council could set the matter for public hearing in June 2007,
8    and urged a decision by the summer recess.  *Id*. ¶ 21.  Instead, the Council again remanded to the
9    ZAB, directing the ZAB "to reconsider [the Bekins Application] in light of new evidence" since
10   its January 2007 decision.  *Id*. ¶¶ 22-23, Ex. Q at 261.  The Council did not specify what this
11   "new evidence" consisted of.

12           The ZAB considered the Bekins Application for the third time on June 28, 2007.
13   *Id*. ¶ 24, Ex. S at 272.  Once again, in advance of that meeting, City staff prepared a report,
14   recommending that the permit be approved.  *Id*. ¶ 25, Ex. T at 280.  The staff report also
15   summarized a supplemental study prepared by the City's consultant, which reiterated that the
16   Bekins facility was needed primarily to provide additional capacity, explained that field testing
17   was not relevant to address capacity constraints, and stated that in any event, field testing
18   confirmed that the Bekins Facility is needed for coverage reasons as well.  *Id*. at 279.

19           At the hearing, one ZAB member stated that the City Attorney had advised the
20   Board in a "confidential memorandum" that denying the Bekins Application would violate
21   federal law, *Id*. ¶¶ 26-27, Ex. U.  The ZAB, however, voted to deny the application.  *Id*. ¶ 28, Ex.
22   V at 390.  Its stated reasons for doing so were that "no evidence has been presented that the
23   existing service is not at an adequate level"; "the asserted gaps (dropped calls) of 1-3% for a few
24   hours a day" were "de minimus" [sic]; the Bekins Site is "effectively in a residential area," and
25   that such location is not necessary, contrary to the "objective of the ordinance"; and (d) the denial
26   does not have the effect of prohibiting service in violation of federal law.  *Id*. at 393.

27           On July 16, 2007, the City Council held a meeting on Verizon Wireless's appeal of
28   the ZAB's decision.  *Id*. ¶ 30, Ex. X at 398.  At this meeting, Verizon Wireless's counsel asked

1  the Council to set a public hearing on its appeal as early as possible, arguing that delaying a
2  public hearing until October 23, 2007, as suggested in the staff report, was unreasonable under
3  federal law. *Id*. ¶¶ 32-33, Ex. Z. The City Council voted to schedule the public hearing for
4  October 23, 2007. *Id*. ¶ 31, Ex. Y at 404.

## LEGAL STANDARD

### 1. Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *See Horphag v. Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Rivera v. Philip Morris, Inc*., 395 F.3d 1142, 1146 (9th Cir. 2005). An issue is "material" if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248; *Rivera*, 395 F.3d at 1146.

Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). In responding to a properly supported summary judgment motion, the non-movant must present specific and supported material facts, of significant probative value, to preclude summary judgment. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586 n. 11 (1986). In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *See Anderson*, 477 U.S. at 255.

### 2. The TCA's Prohibition On Unreasonable Delay

"The Telecommunications Act is intended to facilitate the construction of personal wireless service facilities by preventing local zoning authorities from unreasonably delaying wireless providers in the application process." *Omnipoint Communications., Inc. v. Common Council of the City of Peekskill*, 202 F. Supp. 2d 210, 223 (S.D.N.Y. 2002). Toward that end,

§ 332(c)(7) provides, in relevant part:

> A State or local government or instrumentality thereof **shall act** on any request for authorization to place, construct, or modify personal wireless service facilities within **a reasonable period of time** after the request is duly filed with such government or instrumentality, taking into account the nature and scope of such request.

47 U.S.C. § 332(c)(7)(B)(ii) (emphasis added).

In deciding whether the City has violated § 332(c)(7)(B)(ii), the Court may consider evidence "that is outside of the administrative record compiled" by the City. *Nat'l Tower, LLC v. Plainville Zoning Bd. of Appeals*, 297 F.3d 14, 22 (1st Cir. 2002). Furthermore, the Court will decide this question in the first instance, without according the decisions of the City Council or ZAB any deference. *See id.* (noting that "anti-prohibition, anti-discrimination, and unreasonable delay provisions [of § 332(c)(7)] present questions that a federal district court determines in the first instance without any deference to the" locality).

**ANALYSIS**

The Court concludes that the City's delay in processing the Bekins application violates § 332(c)(7)(B)(ii). First, the Court agrees with Verizon Wireless that the City's failure to abide by deadlines set by state law for acting on the Bekins Application, which required final action more than two years ago, is unreasonable. Second, separate and apart from this violation of state law, the Court holds that the uncontroverted evidence establishes that, under the circumstances of this case, the City has failed to act within a reasonable period of time. Finally, the Court holds that the appropriate remedy for the City's violation of § 332(c)(7)(B)(ii) is an injunction order the City to issue Verizon Wireless a CUP for the Bekins Facility.

**1. The City Failed To Act Within A Reasonable Period Of Time**

As an initial matter, the Court concludes that the City's failure to approve or disapprove the Bekins application within the time mandated by state law was unreasonable. While § 332(c)(B)(ii) does not prescribe a specific period for action, federal courts have recognized that a locality's failure to comply with a deadline established by state law for acting on request for a wireless facility is unreasonable under § 332(c)(7)(B)(ii). *See*, *e.g.*, *Sprint Spectrum L.P. v. Zoning Hearing Bd. of Williston*, 43 F. Supp. 2d 534, 538-39 (E.D. Pa. 1999);

*Flynn v. Burman*, 30 F. Supp. 2d 68, 72-73 (D. Mass. 1998).

As the *Flynn* court noted, the argument that a violation of state law makes a locality's delay unreasonable accords with the legislative history of § 332(c)(7). *See* 30 F. Supp. 2d at 73 n.5. The court noted that the Conference Report for this provision states: "If a request for placement of a personal wireless facility involves a zoning variance or a public hearing or comment process, the time period for rendering a decision will be the ***usual period under such circumstances***." *Id*. (citation omitted) (emphasis added). The Court finds this reasoning persuasive. Indeed, the Conference Report cited by *Flynn* continues: "It is not the intent of [§ 332(c)(7)(B)(ii)] to give preferential treatment to the personal wireless service industry in the processing of requests, or to subject their request to any but the ***generally applicable time frames*** for zoning decisions." H.R. Conf. Rep. No. 104-458, at 208 (emphasis added).

In the instant matter, the "generally applicable time frame" for acting on the Bekins Application is the California PSA, which establishes deadlines for a local government's processing of development permit.[4] As the City has admitted, the PSA required the City to approve or disapprove the Bekins application no later than June 6, 2005. There is no dispute that the City failed to do so. This is not a mere technicality – the City delayed even scheduling a hearing on the Bekins application until almost a year after the PSA deadline, a hearing that turned out to be only the start of the process. Moreover, Verizon Wireless did not acquiesce or otherwise consent to this violation of state law. As far back as June 8, 2005, Verizon Wireless reminded the City of its obligations under the PSA and demanded that the City comply with them in processing the Bekins Application. Because the City disregarded the deadline that state law dictates is the outer time limit for processing a CUP application, the City has unreasonably delayed acting on the Bekins application in violation of § 332(c)(7)(B)(ii).

Separate and apart from the City's failure to abide by the PSA, the Court concludes that the undisputed evidence establishes that, under the circumstances of this case, the City's delay has been unreasonable as a matter of law. Since the ZAB's initial approval of the

---

[4] *See* Cal. Gov. Code § 65940 *et seq*.

Bekins application on May 25, 2006, the City has held six additional hearings on the Bekins application. The City Council has twice remanded the Bekins application to the ZAB to consider the "necessity" for the site, an issue the original ZAB decision and the City's third party engineer has already resolved in Verizon Wireless's favor. The City Council did so at the May 22, 2007, meeting despite the advice of the City Attorney that further delay would be unreasonable. The Council alone has held four of its own meetings on the application, two of which were devoted to whether the Council should hold a hearing. The Council scheduled yet another hearing for October 23, 2007. Throughout this seemingly never-ending round of hearings, the City Council and ZAB have ignored the advice of their professional staff, who have consistently recommended that the City approve the Bekins application.

Equally significant, the City has compounded the delay by raising improper procedural requirements well after the Bekins Application was deemed complete. *See Omnipoint Communications Enters. v. Town of Amherst*, 74 F. Supp. 2d 109, 122 (D. N.H. 1998) ("[A]t some point, acts such as raising additional procedural hurdles well after the process has begun . . . can create an unreasonable delay."). In its January 25, 2007, decision, for example, the ZAB justified ignoring the findings of its third party engineering consultant, in part, because his "study was based on information that was supplied by Verizon Wireless.[5] There is, however, no provision in the City's Ordinance precluding a third party engineer from relying on data provided by the applicant. Similarly, in the same decision, the ZAB justified its denial on the grounds that there was not "substantial evidence" that the Bekins facility "could not be located in an alternative location further away from residential districts." Yet, as the City's staff has acknowledged, the Ordinance does not require an applicant to exhaust alternative locations, and City staff never asked Verizon Wireless to do so.

---

[5] The Court also agrees with Verizon Wireless that the City's requirement for third party engineering review was untimely under the PSA, because the City made this request only after deeming Verizon Wireless's initial application was complete. *See* Cal. Gov't Code § 65944(b). While the City interprets the PSA differently, the Court would hold that the City's delay was unreasonable as a matter of law even if it agreed with the City on this point. After all, Verizon Wireless submitted to third party engineering review, and the City simply ignored the recommendations of its own engineer, causing further delay.

1   For its part, the City Council has delayed reviewing the merits of the ZAB's decisions, choosing instead to remand to the ZAB for more hearings. The City Council has done so despite Verizon Wireless's urging that it either schedule a public hearing, where the Council would need to consider the merits of Verizon Wireless's challenge to the ZAB decision, or simply uphold the ZAB's denial, which would allow Verizon Wireless to challenge the denial in court as a violation of the substantive standards of federal law. It is no answer for the City to argue that it was remanding for the ZAB to consider "new evidence." There will always be "new evidence" to consider for any application. If the consideration of "new evidence" excused the City's delay, the Act's prohibition on unreasonable delay would be toothless.

The district court's decision in *Masterpage Communications, Inc. v. Town of Olive,* 418 F. Supp. 2d 66 (N.D.N.Y. 2005), is instructive. There, the court granted a wireless carrier's motion for summary judgment on its claim that the defendant Town had failed to act on its requests to construct a wireless facility within a reasonable time. The court held that the Town's delay was unreasonable as a matter of law where it did not act on the carrier's application for nearly a year due to a self-imposed moratorium, made repeated requests to the applicant regarding issues previously resolved (ignoring its own consultant's advice in the process), and improperly referred an issue to the Town planning board three times. *Id*. at 79-81.

The City's delay in this case is as unreasonable, if not more so, than the Town's delay in *Masterpage*. The City has kept the Bekins Application tied up in hearings for two and a half years. At several points, the City has prolonged the process by raising new, improper procedural requirements long after Verizon Wireless's initial application was deemed complete and should have been approved. And the City has persistently and repetitively asked Verizon Wireless to justify the "necessity" of the Bekins facility, while disregarding its own engineer's consistent findings on this very point. These are the type of stalling tactics that Congress intended to prevent when it enacted § 332(c)(7)(B)(ii).

**2. Verizon Wireless Is Entitled To An Injunction**

The Court holds that the appropriate remedy for the City's violation of § 332(c)(7)(B)(ii) is an injunction directing the City to issue Verizon Wireless a CUP to construct

1 the Bekins facility. The City has had more than two and a half years to act on the Bekins

2 Application and it has failed to do so. Under these circumstances, remanding to the City would

3 not serve any purpose. *See Masterpage*, 418 F. Supp. 2d at 81 (an injunction was appropriate

4 remedy for Town's unreasonable delay where it was "unlikely remand would serve any purpose

5 and would further delay [the carrier's] application in a swamp of hearings and meetings with no

6 resolution in sight"); *Cellular Telephone Co. v. Town of Oyster Bay*, 166 F.3d 490, 497 (2d Cir.

7 1999) (affirming injunction where "remand would serve no useful purpose in this case");

8 *Omnipoint*, 74 F. Supp. at 126 (noting that remand was "particularly inappropriate where the

9 case would go back before a local government that has already demonstrated hostility toward the

10 location of [a carrier's] facilities within its borders").

## CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that Plaintiff's motion for partial summary judgment on Claim II of the Complaint is **GRANTED**; and it is further

**ORDERED** that the City issue a conditional use permit to Plaintiff to install a wireless communications facility at 2721 Shattuck Avenue, Berkeley, California.

DATED: _____, 2007

By:_____
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE