1    KIRK E. TROST (SBN 127097)
     MADELINE E. MILLER (SBN 221568)
2    MILLER, OWEN & TROST
     A Professional Corporation
3    428 J Street, Suite 400
     Sacramento, CA 95814
4    Telephone:  (916) 447-7933
     Facsimile:  (916) 447-5195
5    trost@motlaw.com
     madelinemiller@motlaw.com
6
     MANUELA ALBUQUERQUE, City Attorney (SBN 67464)
7    ZACHARY D. COWAN, Assistant City Attorney (SBN 96372)
     City of Berkeley
8    2180 Milvia Street
     Berkeley, CA 94704
9    Telephone:  (510) 981-6950
     Facsimile:  (510) 981-6960
10   zcowan@ci.berkeley.ca.us

11   Attorneys for Defendant City of Berkeley

12
13                    UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15                           OAKLAND DIVISION

16   GTE Mobilnet of California Limited Partnership, a    Case No.: C-07-04034 (SBA)
     California limited partnership d/b/a Verizon
17   Wireless,                                             ANSWER TO COMPLAINT FOR
                                                           DECLARATORY JUDGMENT AND
18                    Plaintiff,                           INJUNCTION AND REQUEST FOR
                                                           EXPEDITED REVIEW UNDER 47 U.S.C. §
19          vs.                                            332(C)(7)(B)(v)

20   City of Berkeley,

21                    Defendant

22
23
24
25
26
27
28

## ANSWER

Defendant City of Berkeley ("Defendant") answers the Complaint for Declaratory Judgment and Injunction; Request for Expedited Review under 47 U.S.C. § 332(c)(7)(B)(v) ("Complaint") as follows:

1. In response to paragraph 1 of the Complaint, Defendant admits that Plaintiff is the local affiliate of a national wireless telephone carrier that provides wireless telecommunications services to customers throughout the nation and that Plaintiff provides telecommunication services within the City of Berkeley. Except as so admitted, City denies the remaining allegations contained therein.

2. In response to paragraph 2 of the Complaint, Defendant alleges that the federal Communications Act and Ninth Circuit authority speak for themselves and on that basis denies the allegations.

3. In response to paragraph 3 of the Complaint, Defendant denies the allegations contained therein.

4. In response to paragraph 4 of the Complaint, Defendant denies the allegations contained therein.

5. In response to paragraph 5 of the Complaint, Defendant denies the allegations contained therein.

6. In response to paragraph 6 of the Complaint, Defendant admits the allegations contained therein.

7. In response to paragraph 7 of the Complaint, Defendant admits the allegations contained therein.

8. In response to paragraph 8 of the Complaint, Defendant admits the allegations contained therein.

9. In response to paragraph 9 of the Complaint, Defendant admits the allegations contained therein.

10.     In response to paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

11.     In response to paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

12.     In response to paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

13.     In response to paragraph 13 of the Complaint, Defendant admits the allegations contained therein.

14.     In response to paragraph 14 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

15.     In response to paragraph 15 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegation contained therein.

16.     In response to paragraph 16 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

17.     In response to paragraph 17 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

18.     In response to paragraph 18 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTION      Case No. C-07-4034 (SBA)
AND REQUEST FOR EXPEDITED REVIEW UNDER 47 U.S.C. § 332(C)(7)(B)(v)

19.    In response to paragraph 19 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

20.    In response to paragraph 20 of the Complaint, Defendant alleges that the Telecommunications Act of 1996 ("the Act") speaks for itself and on that basis denies the allegations.

21.    In response to paragraph 21 of the Complaint, Defendant alleges that the Act speaks for itself and on that basis denies the allegations.

22.    In response to paragraph 22 of the Complaint, Defendant alleges that section 253 of the Act speaks for itself and on that basis denies the allegations.

23.    In response to paragraph 23 of the Complaint, Defendant alleges that section 253 of the Act and Ninth Circuit authority speak for themselves and on that basis denies the allegations.

24.    In response to paragraph 24 of the Complaint, Defendant alleges that section 253 of the Act and Ninth Circuit authority speak for themselves and on that basis denies the allegations.

25.    In response to paragraph 25 of the Complaint, Defendant alleges that sections 253 and 332 of the Act speak for themselves and on that basis denies the allegations.

26.    In response to paragraph 26 of the Complaint, Defendant alleges that sections 253 and 332 of the Act speak for themselves and on that basis denies the allegations.

27.    In response to paragraph 27 of the Complaint, Defendant alleges that section 332 of the Act speaks for itself and on that basis denies the allegations.

28.    In response to paragraph 28 of the Complaint, Defendant alleges that section 332 of the Act speaks for itself and on that basis denies the allegations.

29.    In response to paragraph 29 of the Complaint, Defendant alleges that the City's Ordinance speaks for itself and on that basis denies the allegations.

30.    In response to paragraph 30 of the Complaint, Defendant alleges that the City's Ordinance speaks for itself and on that basis denies the allegations.

31.    In response to paragraph 31 of the Complaint, Defendant alleges that the City's Ordinance speaks for itself and on that basis denies the allegations.  Defendant also denies that the City's Ordinance violates section 253(a).

32.    In response to paragraph 32 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations.  Section 23C.17.040 of the Ordinance sets out detailed guidance on application materials needed to assess wireless telecommunications facilities under BMC Chapter 23C.17.  State law requires a City to outline required application materials.

33.    In response to paragraph 33 of the Complaint, Defendant alleges that the City's Ordinance speaks for itself and on that basis denies the allegations.

34.    In response to paragraph 34 of the Complaint, Defendant alleges that the City's Ordinance speaks for itself and on that basis denies the allegations.

35.    In response to paragraph 35 of the Complaint, Defendant alleges that the City's Ordinance speaks for itself and on that basis denies the allegations. Defendant also alleges that the Ordinance does not prevent a carrier from receiving compensation for allowing shared use of its facility.

36.    In response to paragraph 36 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations.  The amount of costs is determined based on the scope of work for an individual project after a budget estimate is obtained from City's consultant. An estimate is included in the City's Submittal Requirements for wireless facilities.  This document may be more readily changed according to increases in labor costs or other flexible costs.  Applicants are provided with a specific cost estimate and asked to agree to costs.  This same approach is used by the City for other independent reviews and contract services, such as seismic review, noise review, and contract planning services.

37.    In response to paragraph 37 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations.  Defendant denies the allegation in paragraph 37 that the Ordinance is burdensome and unduly discretionary.

38.     In response to paragraph 38 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations.  All zoning applications submitted to the City of Berkeley are subject to the requirement that the Zoning Officer may require additional information in order to process the application.  Materials may be requested that are relevant to the assessment of an application.  This procedure is contemplated by state law.

39.     In response to paragraph 39 of the Complaint, Defendant denies the allegations contained therein.  The submittal requirements for wireless telecommunications facilities are derived from the application requirements set out in the Berkeley Municipal Code, Chapter 23C.17.  The application checklist attached as Exhibit B to Plaintiff's Complaint provides more detailed guidance to applicants in a checklist format on how to prepare application materials in a more user-friendly format than the Ordinance.

40.     In response to paragraph 40 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations.  Deposits are necessary to finance any applicable independent review.  Radio frequency engineering services are contemplated by the Ordinance and needed to verify technical aspects of the application.  Noise review is necessary in some instances because of noise effects particularly associated with air conditioning equipment.

41.     In response to paragraph 41 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations.  The Ordinance seeks to regulate negative effects on views, which is a traditional zoning concern.  Guidance is provided in the Ordinance, including in the definition of "readily visible" in section 23F.04.010 of the Berkeley Municipal Code.

42.     In response to paragraph 42 of the Complaint, Defendant admits that local governments have a legitimate interest in mitigating the potential aesthetic impacts of wireless communications facilities.  Except as so admitted, Defendant denies the remaining allegations contained therein.

43.     In response to paragraph 43 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations. Defendant denies the allegation that the Ordinance is vague.

44.    In response to paragraph 44 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations. Defendant also denies the allegation that the Ordinance is overbroad.

45.    In response to paragraph 45 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations.

46.    In response to paragraph 46 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations. Defendant also denies the allegation that the Ordinance is amorphous.  Defendant denies that the Ordinance imposes no meaningful constraints.

47.    In response to paragraph 47 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations.

48.    In response to paragraph 46 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations.   Defendant denies that the Ordinance results in unbridled discretion.

49.    In response to paragraph 49 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations. Defendant denies that the Ordinance encourages the City to act arbitrarily.  Defendant also denies that the Ordinance encourages the City to consider impermissible factors when reviewing applications.

50.    In response to paragraph 50 of the Complaint, Defendant denies the allegations contained therein.

51.    In response to paragraph 51 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations.  Defendant denies that the City enjoys unfettered discretion.

52.    In response to paragraph 52 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations.

53.    In response to paragraph 53 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations.

54.      In response to paragraph 54 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations.

55.      In response to paragraph 55 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations.

56.      In response to paragraph 56 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations.

57.      In response to paragraph 57 of the Complaint, Defendant alleges that the Ordinance speaks for itself and on that basis denies the allegations.

58.      In response to paragraph 58 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

59.      In response to paragraph 59 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

60.      In response to paragraph 60 of the Complaint, Defendant denies the allegations contained therein.

61.      In response to paragraph 61 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in the third sentence, and on that basis denies the allegations contained therein.  Defendant denies the allegations in the first and second sentences.  The City granted one of Plaintiff's permits on November 6, 2007.

62.      In response to paragraph 62 of the Complaint, Defendant denies the allegations contained therein.

63.      In response to paragraph 63 of the Complaint, Defendant admits the allegations contained therein.

64.      In response to paragraph 64 of the Complaint, Defendant alleges that the 2007 staff report speaks for itself and on that basis denies the allegations.  Defendant also denies the remaining allegations.

65.    In response to paragraph 65 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

66.    In response to paragraph 66 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

67.    In response to paragraph 67 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations contained therein.

68.    In response to paragraph 68 of the Complaint, Defendant denies the allegation that the hearing was held on May 26.  The Zoning Adjustments Board hearing was held on May 25, 2006. Defendant also denies the allegation that the hearing was held a year after the deadline under state law for rendering a final decision on the application.  Except as so denied, Defendant admits the allegations contained therein.  Since July 21, 2005, City Staff worked with the applicant to investigate alternative locations for the equipment lease area as requested by the Design Review Committee, investigate potential noise effects of air conditioning equipment, and resolve parking issues.

69.    In response to paragraph 69 of the Complaint, Defendant admits the allegations contained therein, except the allegation that the hearing was held on May 26.  The Zoning Adjustments Board hearing was held on May 25, 2006.

70.    In response to paragraph 70 of the Complaint, Defendant admits the allegations contained therein.

71.    In response to paragraph 71 of the Complaint, Defendant alleges that the staff report speaks for itself and on that basis denies the allegations.

72.    In response to paragraph 72 of the Complaint, Defendant admits the allegations contained therein.

73.    In response to paragraph 73 of the Complaint, Defendant alleges that the report by RCC Consultants, Inc., speaks for itself and on that basis denies the allegations.  Defendant admits the remaining allegations contained therein.

74.    In response to paragraph 74 of the Complaint, Defendant alleges that the staff report speaks for itself and on that basis denies the allegations.

75.    In response to paragraph 75 of the Complaint, Defendant alleges that the staff report speaks for itself and on that basis denies the allegations.

76.    In response to paragraph 76 of the Complaint, Defendant alleges that the testimony offered at the hearing speaks for itself and on that basis denies the allegations.

77.    In response to paragraph 77 of the Complaint, Defendant alleges that the City's independent engineer's testimony speaks for itself and on that basis denies the allegations.

78.    In response to paragraph 78 of the Complaint, Defendant admits the allegations contained therein.

79.    In response to paragraph 79 of the Complaint, Defendant admits that Plaintiff filed a timely appeal to the City Council.  In response to the remaining allegations in paragraph 79 of the Complaint, Defendant alleges that the City's zoning ordinance speaks for itself and on that basis denies the allegations.

80.    In response to paragraph 80 of the Complaint, Defendant alleges that the staff report speaks for itself and on that basis denies the allegations.  The staff report prepared for the meeting suggested a public hearing should occur within 60 days from May 8, 2007, which would be by July 7, 2007.

81.    In response to paragraph 81 of the Complaint, Defendant alleges that the testimony and comments stated at the hearing speaks for themselves and on that basis denies the allegations contained therein.

82.    In response to paragraph 82 of the Complaint, Defendant admits the allegation in the first sentence.  Defendant alleges that the testimony and statements made at the hearing speak for themselves and on that basis Defendant denies the allegations in the second and third sentences.

83.     In response to paragraph 83 of the Complaint, Defendant alleges that the testimony and statements made at the hearing speak for themselves and on that basis denies the allegations.

84.     In response to paragraph 84 of the Complaint, Defendant alleges that the staff report speaks for itself and on that basis denies the allegations.

85.     In response to paragraph 85 of the Complaint, Defendant alleges that statements made at the hearing speak for themselves and denies the allegations in the second and third sentences on that basis.  Defendant admits the allegation in the first sentence.

86.     In response to paragraph 86 of the Complaint, Defendant admits that the City denied the application.  Defendant denies the remaining allegations therein on the basis that statements made at the hearing speak for themselves.

87.     In response to paragraph 87 of the Complaint, Defendant admits the allegations contained therein.

88.     In response to paragraph 88 of the Complaint, Defendant admits the allegations contained therein.

89.     In response to paragraph 89 of the Complaint, Defendant alleges that the letter from Plaintiff speaks for itself and on that basis denies the allegations.

90.     In response to paragraph 90 of the Complaint, Defendant denies that the scheduling of the public hearing on October 23, 2007, was a violation of the requirement that the public hearing commence within 60 days of the Council's vote. Under Section 1.04.070 of the Berkeley Municipal Code, the period of time during which the City Council was on summer recess does not count towards 60 day limit imposed by the Ordinance.  Defendant denies the remaining allegations on the basis that statements made at the hearing speak for themselves.  The City Council granted the Bekins Application on November 6, 2007.

91.     In response to paragraph 91 of the Complaint, Defendant admits the allegations contained therein.

92.     In response to paragraph 92 of the Complaint, Defendant alleges that the letter dated June 26, 2003, speaks for itself and on that basis denies the allegations.

ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTION                Case No. C-07-4034 (SBA)
AND REQUEST FOR EXPEDITED REVIEW UNDER 47 U.S.C. § 332(C)(7)(B)(v)

93.     In response to paragraph 93 of the Complaint, Defendant alleges that the letter dated June 23, 2004, speaks for itself and on that basis denies the allegations.  Plaintiff took one year to respond to Defendant's request for information.

94.     In response to paragraph 94 of the Complaint, Defendant denies the allegations contained therein.

95.     In response to paragraph 95 of the Complaint, Defendant alleges that the email dated November 30, 2004, speaks for itself and on that basis denies the allegations.

96.     In response to paragraph 96 of the Complaint, Defendant admits the allegations contained therein.  Plaintiff took one year to respond to the City's request for information.  Defendant did not provide all requested information.

97.     In response to paragraph 97 of the Complaint, Defendant alleges that the email sent by a City Planner dated June 6, 2007, speaks for itself and on that basis denies that allegation.  Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the remaining allegations contained therein.  The City is not aware of any record of Plaintiff following up on its application with the City.  City staff were developing third party review procedures for 2721 Shattuck Avenue and processing applications at that address before proceeding with processing of other applications.  Plaintiff was aware of this approach and did not object prior to this action.

98.     In response to paragraph 98 of the Complaint, Defendant alleges that the letter dated June 21, 2007, speaks for itself and on that basis denies that allegation.

99.     In response to paragraph 99 of the Complaint, Defendant denies that there is a documented history of the City ignoring the recommendations of its third party engineers.  Defendant alleges that the email dated July 13, 2007, speaks for itself and on that basis denies that allegation.

100.    In response to paragraph 100 of the Complaint, Defendant admits the allegation in the first sentence.  Defendant alleges that the California Environmental Quality Act and Guidelines speak for themselves and on that basis denies the second sentence.  Defendant denies that the application was deemed complete on August 22, 2004.

1    101.    In response to paragraph 101 of the Complaint, Defendant denies the allegations

2    contained therein.

3    102.    In response to paragraph 102 of the Complaint, Defendant admits the allegations

4    contained therein.

5    103.    In response to paragraph 103 of the Complaint, Defendant is without knowledge or

6    information sufficient to form a belief as to the truth of the allegation that Plaintiff made repeated

7    inquiries to the City, and on that basis denies that allegation.  There is no confirmation of contact from

8    Plaintiff to City staff in connection with Use Permit file (UP#05-10000090).  Defendant admits that the

9    first written communication to Plaintiff on file is June 6, 2007.

10   104.    In response to paragraph 104 of the Complaint, Defendant alleges that the letter dated

11   June 21, 2007, speaks for itself and on that basis denies that allegation.  Defendant denies that it

12   requested "extensive" additional information.  Defendant asked for five items, two of which related to

13   information on third-party review deposit fees.

14   105.    In response to paragraph 105 of the Complaint, Defendant denies the allegations

15   contained therein.

16   106.    In response to paragraph 106 of the Complaint, Defendant admits the allegation in the

17   first sentence.  Defendant alleges that the California Environmental Quality Act and Guidelines speak

18   for themselves and on that basis denies the allegation in the second sentence.  Defendant denies that the

19   application was deemed complete on October 9, 2005.

20   107.    In response to paragraph 107 of the Complaint, Defendant denies the allegations

21   contained therein.

22   108.    In response to paragraph 108 of the Complaint, Defendant is without knowledge or

23   information sufficient to form a belief as to the truth of the allegation and on that basis denies that

24   allegation.

25   109.    In response to paragraph 109 of the Complaint, Defendant is without knowledge or

26   information sufficient to form a belief as to the truth of the allegation and on that basis denies that

27   allegation.

28

ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTION                    Case No. C-07-4034 (SBA)
AND REQUEST FOR EXPEDITED REVIEW UNDER 47 U.S.C. § 332(C)(7)(B)(V)

110.    In response to paragraph 110 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation and on that basis denies that allegation.

111.    In response to paragraph 111 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation and on that basis denies that allegation.

112.    In response to paragraph 112 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation and on that basis denies that allegation.

113.    In response to paragraph 113 of the Complaint, Defendant denies the allegations contained therein.

114.    In response to paragraph 114 of the Complaint, Defendant denies the allegations contained therein.

115.    In response to paragraph 115 of the Complaint, Defendant denies the allegations contained therein.

116.    Defendant incorporates by reference its allegations, admissions, and denials in paragraphs 1-115.

117.    In response to paragraph 117 of the Complaint, Defendant alleges that the 47 U.S.C. section 253(a) speaks for itself and on that basis denies the allegations.

118.    In response to paragraph 118 of the Complaint, Defendant denies the allegations contained therein.

119.    In response to paragraph 119 of the Complaint, Defendant denies the allegations contained therein.

120.    Defendant incorporates by reference its allegations, admissions, and denials in paragraphs 1-119.

121.    In response to paragraph 121 of the Complaint, Defendant alleges that the 47 U.S.C. section 332(c)(7)(B)(iii) speaks for itself and on that basis denies the allegations.

122.    In response to paragraph 122 of the Complaint, Defendant admits the allegations contained therein.

123.    In response to paragraph 123 of the Complaint, Defendant denies the allegations contained therein.  The City granted the Bekins Application on November 6, 2007.

124.    In response to paragraph 124 of the Complaint, Defendant denies the allegations contained therein.

125.    In response to paragraph 125 of the Complaint, Defendant denies the allegations contained therein.  The City granted the Bekins Application on November 6, 2007.

126.    Defendant incorporates by reference its allegations, admissions, and denials in paragraphs 1-125.

127.    In response to paragraph 127 of the Complaint, Defendant admits the allegations contained therein.

128.    In response to paragraph 128 of the Complaint, Defendant denies the allegations contained therein.

129.    In response to paragraph 129 of the Complaint, Defendant denies the allegations contained therein.

130.    In response to paragraph 130 of the Complaint, Defendant denies the allegations contained therein.

131.    Defendant incorporates by reference its allegations, admissions, and denials in paragraphs 1-130.

132.    In response to paragraph 132 of the Complaint, Defendant admits the allegations contained therein.

133.    In response to paragraph 133 of the Complaint, Defendant denies the allegations contained therein.

134.    In response to paragraph 134 of the Complaint, Defendant denies the allegations contained therein.

135.    In response to paragraph 135 of the Complaint, Defendant denies the allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE

This action is barred by Plaintiff's failure to allege facts sufficient to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

This action is barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

This action is barred by the doctrine of mootness.

## FOURTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

This action is barred by Plaintiff's unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of estoppel.

WHEREFORE, Defendant requests judgment as follows:

1.    That the requests for declaratory relief be denied;

2.    That the request for an injunction be denied;

3.    That Plaintiffs take nothing by the Complaint, and that the Complaint be dismissed with prejudice;

4.    That Defendant recover from Plaintiffs its costs and attorneys fees; and

5.    That the Court order such further relief as may be necessary or appropriate.

DATED:  November 21, 2007                              Respectfully submitted,

MILLER, OWEN & TROST
A Professional Corporation


s/Kirk E. Trost
Kirk E. Trost

Attorneys for Defendants