1  HENRY WEISSMANN (SBN 132418)
   Henry.Weissmann@mto.com
2  MARC A. BECKER (SBN 138872)
   Marc.Becker@mto.com
3  BRADLEY R. SCHNEIDER (SBN 235296)
   Bradley.Schneider@mto.com
4  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
5  Thirty-Fifth Floor
   Los Angeles, CA  90071-1560
6  Telephone:     (213) 683-9100
   Facsimile:     (213) 687-3702
7

8  MACKENZIE & ALBRITTON LLP
   JAMES A. HEARD (SBN 114940)
9  jheard@mallp.com
10 One Post Street, Suite 500
   San Francisco, California  94104
11 Telephone:  (415) 288-4000
   Facsimile:  (415) 288 4010
12

13 Attorneys for Plaintiff
   GTE MOBILNET OF CALIFORNIA LIMITED
   PARTNERSHIP, A CALIFORNIA LIMITED
14 PARTNERSHIP D/B/A VERIZON WIRELESS

15

16 KIRK EDWARD TROST (SBN 127097)
   MILLER, OWEN & TROST
17 428 J. Street, Suite 400
   Sacramento, California 95814

18 Attorney for Defendant City of Berkeley

19
                    UNITED STATES DISTRICT COURT
20
                  NORTHERN DISTRICT OF CALIFORNIA
21
                        OAKLAND DIVISION
22

23

24 GTE MOBILNET OF CALIFORNIA          CASE NO. C 07-04034 SBA
   LIMITED PARTNERSHIP, a California
   limited partnership d/b/a VERIZON    **JOINT CASE MANAGEMENT**
25 WIRELESS,                            **STATEMENT**

26              Plaintiff,
                                        **Date: December 12, 2007**
27        vs.                           **Time: 1:30 p.m.**

28 CITY OF BERKELEY,

1

2        Defendant.

3

4        Plaintiff GTE Mobilnet of California Limited Partnership d/b/a Verizon Wireless

5   ("Verizon Wireless" or "Plaintiff") and Defendant City of Berkeley (the "City" or "Defendant")

6   jointly submit this Case Management Statement pursuant to Federal Rule of Civil Procedure

7   26(f), Civil Local Rule 16-9, and this Court's Order of October 30, 2007.

8   **I.    JURISDICTION AND SERVICE**

9

10       The Court's subject matter jurisdiction arises under 28 U.S.C. §§ 1331 and 1337.

11  No issue exists regarding either personal jurisdiction or venue, and no additional parties remain to

12  be served.

13  **II.   FACTS**

14

15       Verizon Wireless's complaint asserts a facial challenge to the City's Wireless

16  Telecommunication Facilities Ordinance (the "Ordinance").  Verizon Wireless contends that the

17  Ordinance is expressly preempted by the federal Communications Act (the "Act") because it

18  "may prohibit or have the effect of prohibiting the ability of any entity to provide any interstate or

19  intrastate telecommunications service."  47 U.S.C. § 253(a).  Verizon Wireless's complaint also

20  asserts claims for unreasonable delay under 47 U.S.C. § 332(c)(7)(B)(ii) in connection with three

21  applications Plaintiff submitted to the Defendant for Conditional Use Permits ("CUP") to install

22  wireless communications facilities at the following locations in Berkeley:

23       •  2721 Shattuck Avenue (the "Bekins Facility").

24       •  1540 Shattuck Avenue (the "North Shattuck Facility").

25       •  2002 Acton Street (the "Lower University Facility").

26       Verizon Wireless applied for a CUP to construct the Bekins Facility on or about

27  March 8, 2005.  On August 2, 2007, Verizon Wireless filed a motion for partial summary

28  judgment on its claim for unreasonable delay with respect to the Bekins Facility.  On November

6, 2007, the City issued Plaintiff a CUP for the Bekins Facility. Verizon Wireless then withdrew as moot its August 2, 2007, motion for partial summary judgment.

Verizon Wireless applied for a CUP to construct the North Shattuck Facility on or about May 27, 2003 ("North Shattuck Application"). The City subsequently determined that the North Shattuck Application is categorically exempt under the California Environmental Quality Act ("CEQA"). On November 15, 2007, the Berkeley Design Review Committee ("DRC") approved Verizon Wireless's proposed design for the North Shattuck Facility. The City has not yet scheduled a hearing on the North Shattuck Facility before the Berkeley Zoning Adjustment Board ("ZAB").

Verizon Wireless applied for a CUP to construct the Lower University Facility on or about August 10, 2005 ("Lower University Application"). The City subsequently determined that the Lower University Application is categorically exempt under CEQA. City planning staff approved Verizon Wireless's proposed design for the Lower University Facility (an alternative to DRC approval permitted under the Berkeley Zoning Code), duly posted notice of that design review approval, and the deadline for an appeal from that decision expired on November 14, 2007. The City has not yet scheduled a hearing on the Lower University Facility before the ZAB.

Verizon Wireless's position is that there are no material factual disputes with respect to any of its claims.

The City's position is that it has not unreasonably delayed consideration of the North Shattuck and Lower University applications and that the unreasonable delay claim on the Bekins application is now moot. The City alleges the affirmative defenses of waiver, mootness, laches, unclean hands, and estoppel. Further, the City contends that the Ordinance is not preempted by section 253(a) of the Act.

III.  **LEGAL ISSUES**

A.  **Preemption Under 47 U.S.C. § 253(a)**

1.  **Verizon Wireless's Position**

Verizon Wireless contends that under controlling Ninth Circuit authority, the Ordinance is expressly preempted by Section 253(a) of the Act because it prohibits or may have

1    the effect of prohibiting the provision of telecommunications service.  *See Sprint Telephony PCS,*

2    *L.P. v. County of San Diego*, 490 F.3d 700 (9th Cir. 2007); *City of Auburn v. Qwest Corp.*, 260

3    F.3d 1160, 1175-76 (9th Cir. 2001).

4            **2.      The City's Position**

5            The City contends that the Ordinance is not preempted by section 253(a) of the

6    Act and that it does not prohibit or have the effect of prohibiting the provision of

7    telecommunications services.  *See Sprint Telephony PCS, L.P. v. County of San Diego*, 490 F.3d

8    700 (9th Cir. 2007); *City of Auburn v. Qwest Corp.*, 260 F.3d 1160, 1175-76 (9th Cir. 2001).

9        **B.      Claim For Unreasonable Delay Under 47 U.S.C. § 332(c)(7)(B)(ii)**

10            **1.      Verizon Wireless's Position**

11            The following legal points could be pertinent to Verizon Wireless's claims for

12    unreasonable delay under 47 U.S.C. § 332(c)(7)(B)(ii) and appear to be in dispute:

13            1.      The City has violated Section 332(c)(7)(B)(ii) of the Act by failing to act

14    on Verizon Wireless's applications for CUPs to install  the North Shattuck and Lower University

15    Facilities within a reasonable period of time.  47 U.S.C. § 332(c)(7).

16            2.      Under the California Permit Streamlining Act ("PSA"), Verizon Wireless's

17    application for a CUP to install the North Shattuck Facility was deemed complete by operation of

18    law on or about July 23, 2004.  *See* Cal. Govt Code § 65943(b).

19            3.      The City has determined that the North Shattuck Facility is categorically

20    exempt under CEQA.  The legal deadline for such determination was no later than 30 days

21    following the date the application was deemed complete, or August 22, 2004, when any initial

22    study should have been complete.  *See* Cal. Pub. Res. Code § 21080.2 ; *see also* 14 Cal. Code of

23    Regs., §§ 15063, 15102.  Under the PSA, the City was required to grant or deny the CUP within

24    60 days after determining that it was exempt under CEQA.  *See* Cal. Govt. Code § 65950(a)(4).

25    If the City had observed the time limits under both CEQA and the PSA, it should have acted on

26    the North Shattuck Application no later than October 21, 2004.  To date, the City has failed to

27    take final action on the North Shattuck Facility.  Accordingly, the City's delay in processing the

28    North Shattuck Application violates the PSA.

1    4.    Under the PSA, Verizon Wireless's application for a CUP to install the

2    Lower University Facility was deemed complete by operation of law on or about September 9,

3    2005. *See* Cal. Govt. Code § 65943(a).

4    5.    The City has determined the Lower University Application to be

5    categorically exempt under CEQA. The legal deadline for such determination was no later than

6    30 days following the date the application was deemed complete, or October 9, 2005, when any

7    initial study should have been complete. *See* 14 Cal. Code of Regs., §§ 15063, 15102.

8    6.    Under the California PSA, the City was required to grant or deny the

9    Lower University Application within 60 days after determining that it was exempt under CEQA.

10   *See* Cal. Govt. Code § 65950(a)(4). If the City had observed the time limits under both CEQA

11   and the PSA, it should have take final action on the Lower University Application no later than

12   December 8, 2005. To date, the City has failed to do so. Accordingly, the City's delay in

13   processing the Lower University Application violates the PSA.

14   7.    Where state law requires government action on an application for a

15   wireless facility within a prescribed time, a locality's failure to abide by that deadline is

16   unreasonable as a matter of law for purposes of § 332(c)(7)(B)(ii). *See*, *e.g.*, *Sprint Spectrum L.P.*

17   *v. Zoning Hearing Bd. of Williston*, 43 F. Supp. 2d 534, 538-39 (E.D. Pa. 1999); *Flynn v.*

18   *Burman*, 30 F. Supp. 2d 68, 72-73 (D. Mass. 1998).

19   8.    The appropriate remedy for the City's violation of Section 332(c)(7)(B)(ii)

20   is an injunction directing the City to issue Verizon Wireless CUPs to install the North Shattuck

21   and Lower University Facilities. *See Cellular Telephone Co. v. Town of Oyster Bay*, 166 F.3d

22   490, 497 (2d Cir. 1999); *Masterpage Communications, Inc. v. Town of Olive,* 418 F. Supp. 2d 66,

23   80 (N.D.N.Y. 2005).

24   **2.    The City's Position**

25   The City agrees that the facts listed above in section III.B.1 are in dispute in this

26   action, as follows:

27   The City has not unreasonably delayed its consideration of the North Shattuck and

28   Lower University applications.

2.    The City denies that it has violated the Permit Streamlining Act in connection with the North Shattuck and Lower University Applications.

3.    The City denies that the appropriate remedy for the City's alleged violation of Section 332(c)(7)(B)(ii) is an injunction directing the City to issue Verizon Wireless CUPs to install the North Shattuck and Lower University Facilities.

**IV.    MOTIONS**

**1.    Verizon Wireless's Position**

On August 2, 2007, Plaintiff filed a motion for partial summary judgment on its claim for unreasonable delay with respect to the Bekins Facility.  On November 6, 2007, the City issued Plaintiff a CUP for the Bekins Facility.  Plaintiff then withdrew as moot its August 2, 2007, motion for partial summary judgment.

If the parties are unable to negotiate a resolution of this matter, Plaintiff anticipates filing one or more motions for summary judgment on its claims for unreasonable delay and its preemption claim.  Verizon Wireless also may move to amend its complaint to add (1) claims challenging any denial(s) of any of the CUP applications that are the subject of the complaint and/or (2) an unreasonable delay claim in connection with Verizon Wireless's pending application for an Administrative Use Permit ("AUP") to construct a wireless communications facility at 2500 Durant, Berkeley.  If Verizon Wireless amends its complaint, it anticipates filing one or more motions for summary judgment on any additional claims.

**2.    The City's Position**

The City has not made a final determination regarding filing motions, but may file one or more motions for summary judgment.

**V.    AMENDMENT OF THE PLEADINGS**

The parties are discussing a potential resolution of this action.  If these discussions fail, Verizon Wireless may seek to amend its complaint as set forth in Section IV above..

**VI.    EVIDENCE PRESERVATION**

Verizon Wireless has distributed a document retention notice to those employees

who may possess potentially relevant materials.  The notice instructs these employees to preserve any documents, including electronic files, that may be relevant to this case.

## VII.  DISCLOSURES

Because Plaintiff filed a motion for partial summary judgment shortly after filing the complaint and the parties have since been engaged in settlement negotiations, the parties have postponed making any initial disclosures.

## VIII.  DISCOVERY

### A.    Plaintiff's Position

No discovery has been taken to date.  Plaintiff's position is that discovery is unnecessary because its claims are either purely legal in nature or based on undisputed facts in an administrative record.

### B.    The City's Position

The City contends that discovery may be relevant to obtain any documents or witnesses from Verizon that are relevant to the issues in this case, but were not presented to the City during the administrative process.

## IX.    RELATED CASES

The parties are not aware of any related cases.

## X.    RELIEF

Plaintiff seeks the following relief:

1.    A declaration that the Ordinance is preempted by 47 U.S.C. § 253(a), and is therefore null and void;

2.    An injunction against the City's enforcement of the Ordinance;

3.    A declaration that the City failed to act on the North Shattuck Application within a reasonable period of time, in violation of 47 U.S.C. § 332(c)(7)(B)(ii);

4.    An order compelling the City to issue all permits required in order to allow Verizon Wireless to install and operate the North Shattuck Facility;

1    5.    A declaration that the City failed to act on the Lower University

2    Application within a reasonable period of time, in violation of 47 U.S.C. § 332(c)(7)(B)(ii);

3    6.    An order compelling the City to issue forthwith all permits required in

4    order to allow Verizon Wireless to install and operate the Lower University Facility;

5    7.    An award of Plaintiff's costs and disbursements incurred in connection

6    with this action pursuant to 28 U.S.C. § 1920; and

7    8.    Any other relief that this Court considers just and proper.

8    **XI.    SETTLEMENT AND ADR**

9

10    The parties are currently attempting to negotiate a resolution this matter.  There are

11    no key discovery or other motions that are necessary to facilitate these negotiations.

12    **XII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

13    On October 12, 2007, Judge Sandra B. Armstrong assigned this case to Magistrate

14    Judge Wayne D. Brazil for all purposes, including entry of final judgment.  The parties consented

15    to this assignment pursuant to Civil Local Rule 73-1(b).

16    **XIII.    OTHER REFERENCES**

17

18    At this time, the parties do not believe that this case is suitable for reference to

19    binding arbitration, a special master, or the Judicial Panel of Multidistrict Litigation.

20    **XIV.    NARROWING OF ISSUES**

21    Beyond the matters the parties are currently negotiating in an effort to resolve the

22    dispute, and the motions identified herein, the parties do not believe that there are any issues in

23    the case that can be narrowed by agreement, motion, or otherwise.

24    **XV.    EXPEDITED SCHEDULE**

25

26    Plaintiff's claims for unreasonable delay are entitled to expedited review pursuant

27    to 47 U.S.C. § 332(c)(B)(v).

28    **XVI.    SCHEDULING**

1    The parties are currently discussing a potential resolution of this action, and it may

2    be premature to set a date for designating experts, a discovery cutoff, hearing of dispositive

3    motions, pretrial conference or a trial date.  In the event this matter is not resolved, Plaintiff

4    believes the matter could be set for trial in the middle of 2008, although as noted Plaintiff intends

5    to seek summary judgment on its claims in advance of any trial date.

6    **XVII.  <u>TRIAL</u>**

7
8    If this case goes to trial, Plaintiff's claims will be tried to the Court.  The parties

     expect that a trial would take no more than one week.

9
10   **XVIII.  <u>DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS</u>**

11   On August 28, 2007, Verizon Wireless filed a "Certification of Interested Entities

12   or Persons" pursuant to Civil Local Rule 3-16.  Verizon Wireless hereby restates the content of

13   that certification as follows:

14   Pursuant to Civil Local Rule 3-16, Plaintiff certifies that the following listed

15   persons, associations of persons, firms, partnerships, corporations (including parent corporations)

16   or other entities (i) have a financial interest in the subject matter in controversy or in a party to the

17   proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

18   substantially affected by the outcome of this proceeding

19   • Cellco Partnership d/b/a Verizon Wireless ("Cellco"), a privately owned Delaware

20   general partnership, holds a general partnership interest and a limited partnership

21   interest in Plaintiff.

22   • The following entities hold general partnership interests in Cellco: (1) Bell

23   Atlantic Cellular Holdings L.P., a Delaware limited partnership; (2) NYNEX PCS

24   Inc., a Delaware corporation; (3) PCSCO Partnership, a Delaware general

25   partnership; (4) GTE Wireless Incorporated, a Delaware corporation; (5) GTE

26   Wireless of Ohio Incorporated, a Delaware corporation; (6) PCS Nucleus L.P., a

27   Delaware limited partnership; and (7) JV PartnerCo LLC, a Delaware single

28   member limited liability company.

- Verizon Communications Inc. and Vodafone Group Plc, both publicly-held companies, indirectly hold ownership interests in Cellco.

- Southwestco Wireless L.P. holds a limited partnership interest in Plaintiff. The following entities hold partnership interests in Southwestco Wireless L.P.: (1) Southwestco Wireless Inc., which is wholly owned by Cellco and is not publicly traded; and (2) Cellco.

In addition, Plaintiff seeks by this action to obtain appropriate relief with respect to its applications to construct and operate certain wireless facilities in the City of Berkeley. The owners of the property on or in which such facilities would be installed may be deemed to have a financial interest in the subject matter of this controversy. Neither Plaintiff nor its counsel represents the interests of such owners. Such owners are listed below:

- Equity Residential LLC is the owner of property on which Plaintiff intends to construct and operate the Lower University Facility.

- Acton Courtyard Apartments, which is the entity to which Plaintiff is scheduled to make rental payments for the lease of property for the proposed Lower University Facility.

- Expresso Roma Corporation, which is the record owner of property on which Plaintiff intends to construct and operate the North Shattuck Facility. Plaintiff also makes rent payments to the Expresso Roma Corporation for the lease of property for the proposed North Shattuck Facility.

1   DATED: December 5, 2007

2

3

4

5

6

7

8

9

10  DATED: December 5, 2007

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Munger, Tolles & Olson LLP
   HENRY WEISSMANN
   MARC A. BECKER
   BRADLEY R. SCHNEIDER

By:_____
        BRADLEY R. SCHNEIDER

Attorneys for Plaintiff
GTE MOBILNET OF CALIFORNIA
LIMITED PARTNERSHIP, A CALIFORNIA
LIMITED PARTNERSHIP D/B/A VERIZON
WIRELESS

Miller, Owen & Trost
A Professional Corporation
   KIRK E. TROST

By:_____
        KIRK E. TROST
Attorneys for Defendant
CITY OF BERKELEY